SALAS v. SALAS.

No. 2817.

Court of Civil Appeals of Texas. Waco.

Nov. 10, 1948.

Rehearing Denied Dec. 9, 1948.

See also Tex.Civ.App., 210 S.W.2d 280.

S. D. Hopkins, of San Antonio, for appellant.

Levey & Goldstein, of San Antonio, for appellee.

TIREY, Justice.

This is a divorce suit (non-jury). The plaintiff was granted divorce on the ground of cruel treatment. The decree awarded to her the custody and control of her three minor children and ordered the defendant to contribute $25 per week for their support. It set aside the homestead for the use of the plaintiff during the minority of the children so long as she remained unmarried, and further provided that in the event of the remarriage of the plaintiff or at such time as the three children attain the age of twenty-one or marry, the use and possession of the real property shall revert to the plaintiff and defendant jointly. With reference to the remaining community property, the court found that it was incapable of division, appointed a receiver, fixed his bond and decreed that the property should be sold, and after taking care of all necessary expenses the proceeds to be divided in two equal shares and awarded one each to plaintiff and defendant. The court also found plaintiff was entitled to recover attorney's fees and fixed same in the amount of $600 and assessed same against appellant's share of the separate or community property. After the court rendered judgment appellant filed request for findings of fact and conclusions of law. The court found facts to support the decree entered. Because of our view of the disposition that must be made of this case we quote only paragraphs 9, 10 and 11 of the findings of fact:

"9. This suit was originally instituted on February 11, 1947. On May 2, 1947, this cause was set for trial before the Hon. John F. Onion, Judge of the 73rd District Court of Bexar County, Texas, and evidence was introduced by both parties who were present and represented by counsel. At the conclusion of the evidence, Judge Onion stated from the bench that he would grant the plaintiff a divorce, hold all the property involved to be community property, award plaintiff the custody of the children, and instructed the parties to agree upon a division of the property and the amount necessary for the support of the children, and that if no property division were agreed upon he would order the property sold, and if no agreement were made as to the amount for the support of the children he would set a figure himself. He also stated that he would later pass upon the question of allowance of attorneys' fees to plaintiff's attorneys. Judge Onion did not intend by such pronouncement to enter a final judgment in this cause, and none was entered of record. The Clerk of the 57th District Court in which court this suit was pending, without instructions from Judge Onion, entered in his rough minutes that a divorce was granted plaintiff, and that Jay Sam Levey, Attorney for Plaintiff, would bring in a decree.

"10. Some time in June, 1947, before any agreement was made for a property settlement or for the support of the children, and before any judgment was entered in this cause, plaintiff and defendant were reconciled and resumed living together. Such living together continued until the end of October, 1947, at which time defendant renewed his acts of cruelty, outrages, and excesses toward plaintiff which caused her to again separate from him and since which time she has not lived with him as husband and wife. Such acts of cruelty of defendant were of such a nature as to render plaintiff's further living together with defendant as husband and wife insupportable.

"11. Since this cause had not been dismissed or otherwise disposed of, plaintiff, on December 10, 1947, filed her second amended original petition upon which

pleading this cause was tried on March 5, 1948."

The court's conclusions of law pertinent to the discussion are:

"1. This Court had jurisdiction to try this cause, since no final judgment had theretofore been rendered.

"2. Defendant's motion to enter a judgment nunc pro tunc could not be granted because the tendered judgment did not contain all the matters included in Judge Onion's pronouncement and because such pronouncement did not dispose of all matters before the Court and was not intended as a final judgment.

"3. Plaintiff's second amended original petition set up a new cause of action which could be heard after remaining on file for thirty full days and after defendant answered such pleading."

Appellant in his brief urges nineteen points as to why this cause should be reversed and remanded. We have carefully considered each of them and believe they state substantially that since the judge of the trial court tried the case at a previous term of court and at the close of the evidence on May 2, 1947 stated in open court that he would grant plaintiff a divorce and award to her the care, custody and control of the children and instructed the attorneys to agree on a disposition to be made of the property, otherwise he would pass on that question later, that such action of the court constituted a final judgment and the court should have granted his motion nunc pro tunc to enter the judgment in accord with the foregoing pronouncement. There is no merit in appellant's contentions.

The findings of fact set out in paragraphs 9, 10 and 11 conclusively show that the pronouncement made by the trial judge on May 2, 1947 was not a final judgment. Rule 301, Texas Rules of Civil Procedure, among other things, provides in part: "Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law." The source of this rule is art. 2211, Vernon's Rev.Civ. Stats., and there is no material change in it. This court, in Booth v. Amicable Life Ins. Co., Tex.Civ.App., 143 S.W.2d 836, 838, writ dis. cor. judg., in discussing the ques-

tion as to the finality of a judgment, said: "It is elementary that only one final judgment shall be rendered in any cause, except where it is otherwise specially provided by law. * * * It has been repeatedly held that the test of whether a judgment is final so as to be appealable, is whether it disposes of the whole matter in controversy as to all of the parties." See points 3-4, 143 S.W. at page 838, for collation of authorities.

It is clear to us that the pronouncement by the trial court on May 2, 1947 was not a final judgment and the court did not intend it so to be; otherwise, he would not have given the instructions to the attorneys that he did.

Since no final judgment or decree was entered by the court on May 2, 1947, and since plaintiff and defendant thereafter had a reconciliation and lived together in the relationship of husband and wife, the right of the plaintiff to a divorce had to be re-established by competent pleadings and evidence before the court could enter a final decree.

We find that the evidence adduced is ample to support the finding of the trial court; and finding no reversible error points 1 to 19 inclusive are overruled, and the judgment of the trial court is affirmed.