Howard MONTGOMERY, Appellant,

v.

Marie L. VINZANT, Appellee.

No. 15772.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 21, 1956.

Rehearing Denied Jan. 18, 1957.

Lanier, Talbert, Giessel & Cutherell, Scott Talbert and Henry P. Giessel, Houston, for appellant.

Hill, Brown, Kronzer & Abraham, J. Curtiss Brown and W. James Kronzer, Houston, for appellee.

MASSEY, Chief Justice.

Pursuant to a suit in tort based upon the negligent operation of an automobile, Marie L. Vinzant obtained a judgment for damages against Howard Montgomery. Montgomery brings an appeal.

Judgment affirmed.

The accident in question was the common one of intersection collision where vehicles approaching the same at right angles enter about the same time. In the present instance, appellee Vinzant approached and entered the intersection from the right of appellant Montgomery. The appellant was convicted of negligence in several respects, also found to have constituted proximate cause, and no substantial complaint is made because thereof. However, complaint is made because of the trial court's refusal to sustain appellant's motion for judgment non obstante veredicto premised upon appellant's contention that appellee was negligent in failing to keep a proper lookout, which negligence was as a matter of law a proximate cause of the collision.

The jury found that appellee failed to keep a proper lookout, but refused to find that such negligence was a proximate cause of the collision. Appellant relies in his contention of proximate cause on the much cited but rarely applied case of Blakesley v. Kircher, Tex.Com.App.1931, 41 S.W.2d 53. We do not believe that it may be applied in the present instance for the reason that the record demonstrates that appellee did exercise some care in approaching and entering the intersection in question. It is noted from the record that without regard to whether appellee saw what she should have seen upon looking for right-angle traffic or whether she looked at precisely a proper time, she did testify that she looked for such traffic as she approached the intersection. Contributory negligence is a question of fact for the jury when the evidence shows that the plaintiff, with knowledge or chargeable with knowledge of the danger, exercised some care. See principle discussed and cases cited in Henwood v. Gilliam, Tex.Civ.App., Dallas, 1947, 207 S.W.2d 904, error refused. See also 30–B Tex.Jur., p. 432, "Negligence", sec. 165, "Proximate Cause"; Liberty Film Lines v. Porter, 1941, 136 Tex. 49, 146 S.W.2d 982; Miller v. Tilton, Tex. Civ.App., Fort Worth, 1956, 289 S.W.2d 426. The trial court did not err in denying appellant's motion.

Appellant predicates a point of error upon the trial court's refusal to submit to the jury his specially requested issue inquiring whether appellee was negligent

in failing to stop before entering the intersection, with companion issue on proximate cause. There was no stop sign at the intersection in question, or any other circumstance existent which would indicate that an automobile should be stopped. Appellee was under no legal duty to stop before entering the intersection. The jury refused to find in favor of appellant upon contributory negligence as to appellee's speed, and application of brakes, along with questions upon right of way. The trial court therefore did submit such issues as might be termed the "lesser included constituent elements" necessarily encompassed by the issues specially requested. The issues so submitted were warranted of submission by the circumstances of the case and correlative duties incumbent upon appellee. Hence, and in view of the jury findings in response to the issues which were submitted, it is not only made apparent that appellant was not entitled to have his specially requested issues submitted, but it is further demonstrated that the jury did not attribute any negligence to appellee's failure to stop. The point of error is therefore overruled.

 Appellant insists that appellee's attorney deliberately injected the question of insurance into the case, and that he advised the jury that an "insurance representative" made an investigation of the case for appellant. He assigns error because thereof. Appellant cites two questions asked appellee by her attorney, as follows: "Now, sometime following this collision, but before you employed us, did a representative of the defendant come out to talk to you about this case?", and, "As I understand it, Mrs. Vinzant, sometime after you were injured, a man representing the defendant came out to see you?",—and one voluntary and unresponsive answer by appellee during the course of cross-examination, in which she remarked that a statement which she had previously made was given to "your representative", addressing counsel for the defendant. As to the pro-

priety of looking to all of the statements made during the trial of a case of this nature in testing for prejudicial error because of the injection of the question of insurance, the appellant cites Lubbock Bus Co. v. Pearson, Tex.Civ.App., Amarillo, 1953, 266 S.W.2d 439, writ refused, n. r. e., —and as to the inhibition of the use of the term "adjuster" during the course of testimony upon the trial of a case, he cites Musslewhite v. Gillette, Tex.Civ.App., Amarillo, 1953, 258 S.W.2d 104; and Rice v. Schiller, Tex.Civ.App., Dallas, 1951, 241 S.W.2d 330, affirmed in part at 151 Tex. 116, 246 S.W.2d 607. Appellant cites other authority to the effect that the advising of the jury of the fact that a defendant is covered by liability insurance may take many forms, but that the vice obtains as to each. It is not our opinion, however, that any case cited is applicable to this case. It is difficult to conceive of what more innocuous terms might be given to describe any individual who would call upon a potential plaintiff in behalf of the potential defendant in an attempt to make an investigation or a settlement of an existing or prospective claim than those of "representative" or "investigator". There would, therefore, be no vice in the use of such words in the ordinary case. While we recognize that it would be possible to use even these terms in a way and under circumstances which would actually inject insurance into the case, and therefore present error, it would be through vice in the use of the terms rather than in the terms themselves. Since we see no vice in the use made of the terms in the trial of the instant case, the point of error is overruled.

During the course of the voir dire examination of the jury panel at time the petit jury was being selected to try the case, appellee's attorney made several statements and asked several questions which appellant believed were improper, and the cumulative effect of which he believes constituted reversible error. He predicates a point of error thereupon.

Appellant is of the opinion that appellee's attorney, through said statements and questions, advised the jury that there were defendants in the case other than the *named* defendants (i. e., that there would be someone beside those defendants named who would have to pay any judgment such as an insurance company), and that the jury was advised as to the legal effect of their answers to special issues which would be submitted. We notice in the Bills of Exceptions that appellant's counsel was prepared for any statement or question which might be made during the course of voir dire examination, and that a prompt objection was made whenever the occasion seemed to warrant it. When appellee's attorney made a statement as to what he "believed", the jury would find and conclude from the evidence in the case, or when he made a statement that appellee's theory of the case was that the accident was caused " 'solely and wholly by the negligence of the defendant and that Mrs. Vinzant was not guilty of any act or omission constituting contributory negligence,' " or when he asked a juror if he had any prejudices against a suit for personal injuries based upon the proposition that the " 'injuries to this lady' " were caused wholly and solely by the negligence of appellant, the attorney for the appellant promptly objected and moved for a mistrial. His motions for mistrial were overruled, but, in substance, the trial judge instructed the jury to disregard the " 'statement of counsel as evidence of anything' ". The trial court did refuse to instruct the jury not to consider the statement begun to the jury, as follows: " 'Now the named defendants in the case * * *' ", as well as refusing appellant's motion for mistrial because thereof. There were other objections, motions for mistrial, etc., but, in substance, the events which transpired were identical to what we have set out above.

■ We do not believe that the error assigned has merit. In the first place, the jury was never advised as to the legal effect of their answers to be made for they were never told who might "win" or who might "lose" as the result of any particular finding by the jury, and the remarks relative to the "named defendants" do not, in our opinion, connote that insurance was or might be involved in the case. In the second place, we cannot conceive of any juror of ordinary intelligence having been persuaded by the statements and questions of appellee's counsel during the course of the voir dire examination to return a verdict in the case contrary to the verdict which they did ultimately return. In view of Texas Rules of Civil Procedure, rule 434, and the holding in the case of Goforth v. Alvey, 1954, 153 Tex. 449, 271 S.W.2d 404, no reversible error could be said to have been demonstrated. Furthermore, the absence of any proof in demonstration that the jury actually received any improper information through the statements and questions is to be noted. Texas Employers Ins. Ass'n v. Noel, Tex.Civ.App., Fort Worth, 1954, 269 S.W.2d 835, writ refused, n. r. e.

■ We have left until last the point of error which appellant has pointedly emphasized. By it he contends that the judgment must be reversed and the cause remanded for another trial because during the course of the trial "Plaintiff's (appellee's) attorney deliberately informed the Jury that the Defendant (appellant) had been charged with a traffic offense by a police officer as a result of the collision in question, in spite of the Court's ruling upon the Motion in Limine, instructing Plaintiff's attorney to make no mention of such matter."

It appears that as the result of the collision in question, appellant was charged with the offense of aggravated assault by motor vehicle. The charge later stood on the docket of the County Court at Law No. 3 of Harris County, Texas, but was dismissed prior to the time of the trial of the instant case. Pointing out expressly that appellant would suffer prejudice which could not be

removed by a mere instruction should information be given the jury of the fact of the charge during the course of the trial, appellant, by written motion, requested that appellee, her counsel, and all her witnesses be instructed not to refer to the matter during the course of the trial. The trial court granted the motion and so instructed the persons mentioned prior to the trial.

Thereafter, during the course of the trial, appellee's attorney had appellant on the stand undergoing cross-examination, at which the following transpired:

"Q. Didn't you tell me on your deposition that you were going from 25 to 30 miles an hour? A. Or less.

"Q. Or less? A. That's right.

"Q. But didn't you tell the police when you gave them an affidavit that you were going from 25 to 30 miles an hour? A. Or less.

"Q. Sir? A. Or less.

"Mr. Giessel: (appellant's counsel) If reference is going to be made to the affidavit, the best evidence of the contents would be the affidavit, and it should be produced.

"Mr. Brown: (appellee's counsel) That is the very reason we will produce it. We will have the affidavit here."

A day or two later the custodian of the records of the police department, including the affidavit in question, brought the affidavit to court, and after the preliminaries were performed, the appellant was placed back on the stand, and with affidavit in hand appellee's attorney had the witness identify it as the statement he had signed for the police, though witness denied that the typed instrument reflected the oral statement made by him to the officer who prepared the same, or that he had read the statement after it was typed. Thereafter, the following transpired:

"Q. You signed your name to this statement without even reading it? A. I told them—they asked me questions and I told them.

"Q. Is that right? A. That's right.

"Q. Well, Mr. Montgomery, I will ask you if you made to them these statements: 'I, Howard Montgomery, after being duly warned by Officer Bonham, the person to whom this statement is made, first, that I do not have to make any statement at all; second, that any statement made by me must be voluntary on my part and may be used in evidence against me on my trial or trials for the offense or offenses concerning which this statement is made, do hereby make the following voluntary statement:'

Mr. Giessel: (appellant's attorney) I object, Your Honor. I ask leave to approach the bench outside the hearing of the jury.

"The Court: All right. Gentlemen, I am going to ask you to step inside the jury room. (Whereupon the jury left the courtroom * * *.)"

The appellant then made a motion for mistrial, pointing out that the prejudice to the rights of the appellant could not be removed by an instruction of the court to disregard it. The court overruled the motion for mistrial, and granted leave to appellant to introduce the certificate of the court clerk showing that the charge of "Assault by Motor Vehicle" had been dismissed.

Afterward, appellee's counsel obtained the admission from the appellant that a sentence in the statement in question read, "'I was heading South on Cortland at approximately 25 or 35, or somewhere in between there, miles per hour.'" The witness insisted that the sentence did not reflect the speed he had given the officer, but that he had told the officer 25 or 30 miles per hour, or somewhere in between.

Appellee then rested her case, and appellant introduced the certificate showing that charges of "Assault by Motor Vehicle" had been dismissed, and rested his case.

In the verdict, the jury refused to find that appellant was operating his vehicle at a rate of speed in excess of 30 miles per hour, though it did find that the speed at which he was driving was negligence and a proximate cause.

Appellant concedes that, in all the cases he has been able to find, inadmissible evidence to the effect that a charge was filed against a party to the suit as the result of police investigation of an automobile collision is cured by an instruction of the court to the jury to disregard such evidence. However, he says, in none of the cases had there been a motion in limine filed, or any action theretofore taken by way of precaution to exclude the evidence. He contends that the circumstances of this case calls for a different rule, and that appellees should not be heard to say that the error was harmless in the face of the fact that the error was deliberately committed in violation of the order of the trial court directing that it not be done.

■ It is our opinion that the point of error must be overruled. Of course, we can appreciate the fact that appellant feels abused under the circumstances since he filed his motion in limine and did everything possible to be done in advance of the trial to prevent appellee from proving that he had been charged with an offense growing out of the collision, or proving circumstances pointing to a conclusion to that effect. While appellee's attorney, through the action complained of, perhaps exposed the case of his client to an order of mistrial, or increased the likelihood that the trial court would grant his client's adversary a new trial, it is to be reasonably inferred that after careful consideration such court concluded that proper action required the entry of a judgment on the verdict, and the overruling of the motion for new trial which followed. That being true, it appears to us that we are presented with the case on appeal in a state not to be distinguished from a case where there had been no motion in limine, and under circumstances where we are obliged to conclude that the error, if any, was one curable by an instruction of the jury to disregard the part of the statement which counsel read to the jury and not to consider it as any part of the evidence upon which they were to decide the case. In this instance, appellant neither asked for nor desired that such an instruction be given.

■ Appellant points out the provisions of T. R. C. P. 434, and our duty thereunder to act in the consideration of the record in the case as a whole. Apparently, he means that we should consider the evidence in connection with the motion in limine and because thereof conclude that the error was reasonably calculated to cause, and probably did cause, the return of an erroneous verdict, and rendition of an erroneous judgment based thereupon. We do not believe that such action on our part would vary the decision which we have already pointed out as obligatory but for consideration of the motion in limine. Under the rule, we look to see whether the jury was probably persuaded because of the error to return answers in its verdict contrary to answers which would have been returned but for the error. When we do this it seems we must disregard the motion in limine, for the jury did not know about the motion.

Additionally, when we view the record as a whole we observe that the jury did know that the charges filed against the appellant were dismissed. They furthermore went along with the appellant in deciding that he was not driving in excess of 30 miles per hour at the time and upon the occasion in question, for they refused to find that he did so.

■ Furthermore, as applied to this case, we are of the opinion that the circumstance under which appellant signed the statement in question was independently

relevant and admissible despite the fact that such proof necessarily disclosed that he was either under arrest or imminently threatened with a criminal prosecution growing out of the collision. See Barton Plumbing Co. v. Johnson, Tex.Civ.App., Galveston, 1955, 285 S.W.2d 780, error refused.

Judgment is affirmed.