**R. L. LEATHERWOOD, Appellant,**

v.

**Maxine HOLLAND et vir, Appellee.**

**No. 16481.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 24, 1964.

Rehearing Denied Feb. 28, 1964.

Wade, Davis, Callaway & Marshall, and Clyde M. Marshall, Jr., Fort Worth, for appellant.

Clyde & Hines and Al Clyde, Fort Worth, for appellee.

MASSEY, Chief Justice.

R. L. Leatherwood brought suit against Maxine Holland and her husband, alleging that from January 10, 1958, to April 16, 1960, Mrs. Holland was his employee and that she converted money belonging to him to the use and benefit of herself and her husband, all of which her husband knew or, in the exercise of ordinary care, should have known.

On the last day of September, 1960, a default judgment was rendered in behalf of the plaintiff and against the defendants. This judgment was set aside on motion for new trial.

In November, 1962, the cause came on for trial before a jury. After four or five days the case was submitted on special issues. In answer the jury found that Mrs. Holland had made false entries on the business records of plaintiff during the period of her employment, and that the plaintiff had instructed her to change the bank deposit records. The jury, by a "no" answer to an issue, refused to find that Mrs. Holland wrongfully appropriated to her own use any of plaintiff's funds. Having so refused, the jury did not answer the issue inquiring as to the amount appropriated, if any.

A take nothing judgment was rendered. From this judgment, as against Mrs. Holland, plaintiff Leatherwood appealed.

Judgment affirmed.

By his first point the plaintiff complains because the trial court set aside the default judgment rendered on September 30, 1960. Premise of plaintiff's complaint is his contention that said judgment should have been treated as valid and persisting because, according to him, the court purportedly set the same aside at a time when it had lost jurisdiction and lacked authority so to do. We believe that the point is subject to construction as a contention that the trial court did not have jurisdiction.

When the defendants filed their motion for new trial and to set aside the default judgment of September 30, 1960, a hearing thereon was set for Monday, October 31, 1960. It is readily observed that this date would be that proper to be treated as the 30th day following entry of the judgment, and the last day on which the trial court had authority to grant a new trial on this character of motion. Texas Rule of Civil Procedure 4, "Computation (time)". The plaintiff did not cause a copy of the court's docket to be made a part of the record on appeal. Only the order granting the new trial appears in the transcript. It recites: "On this 31st day of October, 1960 came on to be heard the motion of the defendants to set aside the default judgment * * *", etc., and concludes with decree that a new trial is granted. Thereafter, and immediately above the signature of the court, is recited: "Signed this 14 day of November, 1960."

■ Certainly the trial court did not have jurisdiction to set aside the prior default judgment, under authority of the motion for new trial, if it is a fact that the trial court did not vacate the default judgment until a date after October 31, 1960. But the matter of the time when the court acted is not established through the same means by which a litigant shows that a party attempting to perfect an appeal has lost his right to do so because some act made a prerequisite had not occurred in time. It is well known that the date of signature upon a judgment decree is to be treated as the date thereof for purposes of the "time-table for appeal", under provisions of T.R.C.P. 306a, "Date of Judgment, Etc.". This rule is without application when no appeal is taken.

■■ Disregarding Rule 306a, inapplicable herein, any order setting aside a judgment, which but for such order would have become final, would be subject to the same rules applicable to judgments. A judgment, on its rendition, even without any entry, is final, valid and enforceable between the parties. The oral official pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication may be said to be the rendition of its judgment. The writing out of the judgment in the form of a judgment on file, to be recorded, is a matter of subsequent clerical action. See Texas State Board of Examiners in Optometry v. Lane, 1960 (Tex.Civ.App., Fort Worth), 337 S. W.2d 801, error refused. The same rules of law would have application to an order which purported to set aside a judgment.

■ The plaintiff has not shown that the default judgment of September 30, 1960, was not validly set aside. The fact that the order purporting to set it aside, after having been reduced to writing, was signed on a date after the expiration of 30 days following its entry does not show such fact. Therefore plaintiff's point of error is overruled.

During the course of the voir dire examination of the jury panel the attorney for the defendants made the statement that the evidence would show that no criminal case was pending against his clients. The attorney for the plaintiff decided to make a motion *in limine* before the first witness

was called. He moved that the defendants, their counsel, and witnesses be instructed to refrain from offering any evidence or asking any questions intended to elicit evidence to show the pendency or non-pendency of any criminal proceedings against the defendants in connection with matters involved in the case, or to show the action or failure to act in respect thereto on the part of any law enforcement agency, prosecuting office, or other body.

The attorney for the defendants made strenuous objection to the motion for he had already informed the jury that the proof would show the fact. The court stated that he would sustain the motion.

The theory under which the, plaintiff brought his suit was that Mrs. Holland had taken cash out of many of the deposit envelopes containing the profits received, had changed the bank deposit slips delivered to the bank, and had deposited therein only a part of the cash which should have been deposited. The theory under which the suit was defended admitted that the original deposit slips (prepared by the route men) had been changed by Mrs. Holland, with a reduced amount deposited, but that in each instance it had been plaintiff Leatherwood who had opened the deposit envelopes, removed the cash, and instructed Mrs. Holland to change the slips to show a reduced total for deposit. In other words the plaintiff was accusing Mrs. Holland of embezzlement, and she, in turn, was accusing the plaintiff of having taken cash in such manner as to show a reduced amount of income from his business in a manner, the purpose of which was not understood by her at the time, but ultimately believed to have been to fraudulently reduce the amount of plaintiff's income taxes.

During cross-examination counsel for the defendants elicited testimony from the plaintiff that he had given certain information concerning Mrs. Holland, reflecting unfavorably upon her employment record prior to the time she went to work for him, to the

Internal Revenue Service. He was asked further if he had given the same information to the Tarrant County Grand Jury. He stated that he had not. He was then asked if he had testified before the Grand Jury. He stated that he had done so. He was then asked, "Was there any Bill of Indictment returned by that Grand Jury that you testified to—Against this lady or against her husband?" Plaintiff's attorney objected, pointing out that the question invaded the instructions of the court previously given to defendants' counsel. The court sustained the objection and instructed the jury that the question was withdrawn from its consideration and that the members of the jury were not to consider it for any purpose.

At an earlier time defendants' counsel, in his cross-examination of the plaintiff, had framed questions in such manner as to show that the defense theory was that it was plaintiff who was taking the cash and withholding it from deposit in the bank and from record as part of the profits received from business operations. He was asked if he did not seize the opportunity to explain a discrepancy in the actual and book amounts of business profits by leveling an accusation against Mrs. Holland. He stated that he had not done so. Then he stated that he had notified the Internal Revenue Department. The attorney then asked: "Yes, sir. You did just exactly that, you said that, 'Now I know why my Income Tax Returns were not correct, because I had an employee out here that was stealing', isn't that what you told them?" The witness replied in the affirmative. Counsel then asked, "Yes, sir. And they don't believe it yet, do they?" An objection was taken and the court sustained it. There was no request therefor and no instruction to the jury to disregard the question.

The point of error predicated upon the above was that the trial court erred in refusing to grant a new trial because of the misconduct of defendants' counsel by repeatedly calling the jury's attention to the actions or inactions of government agencies,

in positive violation of the court's preliminary instruction, resulting in prejudice to the plaintiff and his case that could not be removed by sustaining his objections nor by instructions given the jury to disregard the matter complained of.

■ It is our opinion that the point of error must be overruled. Of course, we can appreciate the fact that plaintiff feels abused under the circumstances since he timely made his motion and did everything possible to be done in advance of the trial to prevent the defendants from showing that they had not been charged with any criminal offense in the premises or pointing to circumstances indicating that some other person or department disbelieved the plaintiff's contentions. While the defendants' attorney, through the action complained of, perhaps exposed the case of his clients to an order of mistrial, or increased the likelihood that the trial court would grant his clients' adversary a new trial, it is to be reasonably inferred that after careful consideration such court concluded that proper action required the entry of a judgment on the verdict, and the overruling of the motion for new trial which followed. That being true, it appears to us that we are presented with the case on appeal in a state not to be distinguished from one where there had been *no motion in limine,* and under circumstances where we are obliged to conclude that the error, if any, is to be tested as to whether it was curable by an instruction to the jury to disregard the matter of which plaintiff complains and not to consider it as any part of the evidence upon which the jury was to decide the case. Montgomery v. Vinzant, 1956 (Tex.Civ.App., Fort Worth), 297 S.W.2d 350. When so tested we have no doubt that the error was of the curable type. Therefore it was either cured by the court's instruction or could have and would have been had plaintiff requested such an instruction.

By several points of error the plaintiff complains of the manner in which the court conducted the trial. He says that such conduct was erroneous and improper and constituted and amounted to a comment by the court on the weight of the evidence and on the credibility of witnesses. Obviously, plaintiff infers that the court believed the defendants' theory and witnesses and disbelieved the plaintiff's theory and witnesses, and that such fact was made known to the jury, thus influencing them to return a defendants' verdict. The contention is that the court unduly limited the plaintiff's attorney in his cross-examination of the defendants and their witnesses, while allowing unreasonable latitude to defendants' attorney in the cross-examination of plaintiff and his witnesses,—repeatedly sustained objection to plaintiff's admissible evidence, while repeatedly ruling out evidence offered by the plaintiff on the court's own motion without necessity of objection from counsel for defendants,—and on one occasion refusing to rule on an objection made by the plaintiff.

Many references are made to the statement of facts in connection with these points of error. We have examined each part of the statement of facts to which we have been referred. We could write at length but have concluded to dispose of the points by an abbreviated statement. We have reviewed the entire record with the plaintiff's complaints at all times borne in mind. In so doing we have been impressed by the evident and obvious fairness and impartiality of the trial judge in his conduct of the trial. We see no evidence or even indication of any bias or prejudice on his part, in things done or left undone, in statements made or withheld, or in any other manner which amounted to a comment by him on the weight of the evidence or on the credibility of any witness. We do not say that the conduct of the trial was perfect for there were imperfections. But imperfection is not error. No trial of appreciable length is perfect. This one required four or five days. Toward the end of the trial the judge did attempt to expedite matters and on repetitious testimony from the same witnesses did bring up the fact without having been prodded by objections.

Every trial is intended to give the parties a fair hearing according to the facts and circumstances properly before the court and jury, a right which should not be infringed by harsh and technical rulings. But in its conduct large discretion is vested in the trial court and its rulings will not be disturbed by a reviewing court except for a manifest abuse of discretion. On appeal the presumptions are in favor of the regularity of trial proceedings. The result of our test of the conduct of the trial has been a conclusion that there was no abuse of discretion in any of the respects presented by the points of error. They are overruled.

By two points of error complaint is made of the special issue in answer to which the jury found that Mrs. Holland had made false entries on the business records of plaintiff during the period of her employment, and of the special issue in answer to which the jury found that the plaintiff had instructed her to change the bank deposit records. Of the first the complaint is that the issue should not have been submitted as it was undisputed, and therefore amounted to a comment on the evidence. On the latter the contention is that it was not an ultimate issue and its submission amounted to a comment on the weight of the evidence.

By T.R.C.P. 272, "(Charge to the Jury) Requisites", it is provided that all objections not made and presented to the court complaining of the charge to be given the jury shall be considered as waived. The trial court was never given an opportunity to correct any errors in the charge prior to its submission to the jury, a right to which the court is entitled if any subsequent complaint thereof is to be treated as properly made. Objections to the charge cannot be raised for the first time on appeal. Wilson v. King, 1958 (Tex.Civ.App., Austin), 311 S.W.2d 957, error refused. Plaintiff made no objections to the charge at the proper time and manner. Therefore he waived right of complaint on appeal. The points are overruled.

Finally, plaintiff contends that the cumulative effect of all the errors, if not to be accorded the dignity of reversible error when individually considered, did amount to reversible error when considered in the aggregate. We have considered the complaint. It is overruled.

Judgment is affirmed.