**Willard W. BAUGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38719.

Court of Criminal Appeals of Texas.

May 11, 1966.

Stone & Stone, by Wm. Emerson Stone, Jr., Jacksonville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is rape; the punishment, 20 years.

Though lengthy, this record presents very few conflicts as to the facts. Appellant and prosecutrix were married in 1960, when he was 21 and she was 18. Prosecutrix took her son to her mother's house in May of 1964, and in June she filed a divorce suit against appellant. Appellant made several efforts to dissuade her, but, in company with her attorney, who had conferred with

appellant's attorney concerning custody, child support and visitation rights, she appeared before the Honorable Jack Pierce, Judge of the 145th Judicial District Court, and a hearing was had on prosecutrix' petition. At the conclusion thereof, Judge Pierce made the following entry on the court's docket: "8–21–64, Came the plaintiff and was sworn and testified; no community property. Court granted plaintiff judgment of divorce with custody of child with support as per decree on file herein. Jack Pierce, Judge Presiding."

On the evening of the same day, appellant appeared at prosecutrix' mother's home where he brandished a pistol and forcefully caused prosecutrix to accompany him to a deserted country road where he, having placed her in fear, had an act of intercourse with her. According to her testimony, this and the subsequent act which occurred that night in a nearby abandoned house were committed against her will and because she was afraid of being killed if she did not submit.

Prosecutrix was returned to her mother's home sometime after midnight by appellant's brother-in-law, who was able to locate the pair in the abandoned house before the officers who were searching for them could do so.

We quote from appellant's brief: "The sole question presented on this appeal is whether or not on August 21, 1964, the date of the alleged offense, Willard W. Baugh and the prosecuting witness Ethelda Baugh were husband and wife. If husband and wife, the conviction is void."

This appeal is predicated upon the contention that what occurred on the day Judge Pierce heard the divorce suit and announced his ruling is not controlling, but rather that the date of the entry of a judgment which was prepared by prosecutrix' lawyer some six days thereafter and signed by Judge Pierce on August 27, should determine the marital status of the parties on the night in question. It should be noted that such judgment, which was later signed, begins "this, the 21st day of August 1964."

The State contends, and we agree, that the following quoted portion of Rule 306a, Texas Rules of Civil Procedure should control in a case of this nature: "* * * but this rule shall not be construed as determining what constitutes rendition of judgment or order in any other situation or for any other purpose." We hold that in a case such as this where all the issues to be adjudicated at the time the court announced his decision were agreed upon, such announcement constitutes the rendition of the judgment. Leatherwood v. Holland, Tex. Civ.App., 375 S.W.2d 517; Texas Life Insurance Company v. Texas Building Company, Tex.Civ.App., 307 S.W.2d 149; and 33 Tex.Jur.2d 510, Sec. 20, would appear to support such contention.

We have concluded that Salas v. Salas, Tex.Civ.App., 215 S.W.2d 362, and Boothe v. Durrett, Tex.Civ.App., 343 S.W.2d 553, relied upon by appellant, would not authorize this Court to hold that the divorce in question was not granted on the day the court heard the case and announced his decision.

In Salas v. Salas, supra, the pronouncement by the trial court was couched in such indefinite language as to fail to adjudicate the matters before the court, and it was correctly held that he did not intend such as the rendition of final judgment.

In Boothe v. Durrett, supra, it was held merely that in a case of a variance, a judgment dictated into the record by the appellee's attorneys and containing no recital that the dismissal was with prejudice would control over the docket notation that the dismissal was with prejudice.

Finding the facts sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.