**Charles STRICKLAND, Appellant,**

v.

**Norma STRICKLAND, Appellee.**

**No. 15211.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Feb. 15, 1968.

Markwell, Stubbs, Decker, Dalehite & Youngblood, Thomas W. Youngblood, Jr., Galveston, for appellant; Elmo M. Johnson, Galveston, of counsel.

Henry S. Coltzer, Galveston, for appellee.

BELL, Chief Justice.

This is an appeal from an order of the trial court sustaining appellee's plea of privilege. The case was ordered transferred to El Paso County.

On March 23, 1965, in the Domestic Relations Court of Galveston County, appellee obtained a divorce from appellant. Appellee was granted the care, custody and control of the three minor children. Appellant, the father of the children, was given "the right of reasonable visitation with said minor children," and the decree further provided that "Defendant further shall have the right to be with and take said children with him on Saturday of each and every week, with the exception of the youngest child, which he shall have the right of visitation with, and further shall have the right to take said child with him on Saturday of each and every week commencing when said child shall reach the age of two years, *all until further order of this Court.*" (emphasis ours). Child support of $120.00 per month was to be paid by appellant.

On June 16, 1967, appellant in the same court and under Cause No. 519, which was

the case number of the divorce suit, filed what he denominated "Defendant's Motion for Change of Visitation Rights". He alleged he was a resident of Galveston County but that appellee, the original plaintiff in the divorce suit, had "removed her residence and that of the three children to El Paso * * *" He recited that he had been accorded reasonable and specific visitation privileges since the divorce. The divorce decree was made a part of the petition. There was then a prayer that "in view of the fact that * * * Norma Strickland has moved a distance of some 800 miles from Galveston" appellant "ought to be accorded specific visitation for said children with him and to have said children in his care for two months in every summer and for alternate Christmases and New Years, to allow him adequate time with said children." There was then a prayer that appellee be given "notice" of the "motion" and that "visitation" be increased.

A copy of the motion was served under direction of a "Precept to Serve". It does not appear that any citation was issued. However, appellee filed a plea of privilege to be sued in El Paso County, the county of her residence.

Appellant filed his controverting plea, in which he asserted "to be false and untrue the allegations of Norma Strickland in that no exception to exclusive venue exists in this cause." Appellant then alleges that "this Court on March 25, 1965, entered a decree of divorce, custody and visitation rights * * *" Further he alleged "that *by law* that this Court has exclusive jurisdiction and venue on *a change of visitation or enlargement of visitation rights.*" (emphasis ours) The plea was sworn to by appellant's attorney. Appellant's "Motion for Change of Visitation Rights" was not made a part of the controverting plea by reference nor was his asserted cause of action set out in his plea. The attorney making the affidavit, after stating he was entitled to do so, asserted "that the facts, allegations and denials are true and correct."

The court's judgment sustaining the plea of privilege recites that the parties through their attorneys agreed to waive testimony and to submit the cause on written briefs and that the court could render judgment without additional evidence or testimony. The judgment then recites that the court had considered "the plea of privilege herein filed, and the facts as alleged herein" and that it was of the opinion that the plea of privilege should be sustained.

There is no statement of facts and there is nothing to show the introduction of any evidence. We take it from the recitals in the judgment sustaining the plea of privilege, which we have above noticed, that the court considered the allegations in the plea of privilege and the controverting affidavit. We do this because in a hearing of a plea of privilege the issues are as made by these two pleadings. So if we consider the allegations of the controverting affidavit as admitted, we still have no proof by the appellant, upon whom the burden of proof rests, establishing that his cause of action comes within any exception to the right of the defendant to be sued in the county of her residence. In fact the allegations in the controverting affidavit do not so much as state that appellant's motion is one for change of visitation rights. It merely asserts what is conceived to be a correct rule of law. It asserts no fact but merely a legal conclusion. When a legally sufficient plea of privilege is filed, the plaintiff must by a controverting plea sufficient in itself allege a cause coming within an exception and must also prove such cause of action. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619; Curlee Clothing Co. v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677; Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391; Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062; Corpus Christi Hardware Co. v. Farrar et ux., Tex.Civ.App., 417 S.W.2d 479, n. w. h.

While we feel the above probably sufficiently disposes of the venue question on

appeal, we probably should briefly notice the contention of appellant that exclusive jurisdiction is in the court granting the divorce and fixing custody of minor children and fixing visitation rights to make any modifications of its order relating to rights of visitation as distinguished from a change of custody. This contention is made here and as a part of his controverting plea. His theory is that such court has continuing jurisdiction to the exclusion of all other courts.

We are unable to agree with appellant. No Texas case has been cited us and in our extensive research we have found none supporting this contention. There are many cases involving a discussion of a change in custody where there is language used by the court in which there is an indication there is a distinction between a change in custody and a change in visitation rights. In none of them, however, has it actually been held that the court had continuing jurisdiction to change rights of visitation.

■ We are of the view that a judgment in a divorce case awarding a divorce, fixing child custody and awarding visitation rights is the same as any judgment and upon becoming final may in respect to custody and visitation rights not be modified except where there is a new suit alleging changed conditions which affect the welfare of the child. This is not true as to changes in a child support order because of Article 4639a, Vernon's Ann.Tex.Civ. St., which gives to the court granting the divorce continuing exclusive jurisdiction over child support. We think this is the rationale of Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016. While that was a case involving the matter of venue in a child custody case, it was contended that the last sentence of this article also encompassed changes in custody. The court expressly ruled otherwise and held continuing jurisdiction related to changes in child support.

■ A judgment in Texas becomes final thirty days after its rendition and can be set aside only by a direct attack or an equitable bill of review. Rule 329b, Texas Rules of Civil Procedure. A final judgment is res adjudicata as between the parties thereto. We see no difference between a judgment fixing custody of children and fixing visitation rights and any other judgment in this respect. The continuing jurisdiction in the matter of child support is because of statute.

Affirmed.