Eddie Lee NIXON, Appellant,

v.

Patricia Ann Nixon ROHRBACH, Appellee.

No. 14750.

Court of Civil Appeals of Texas.

San Antonio.

March 19, 1969.

Darrell G. Lochte, Robert R. Barton, Kerrville, for appellant.

Goodstein & Semaan, Gary D. Howard, San Antonio, for appellee.

BARROW, Chief Justice.

A venue action. Appellant, father of three minor children, filed this action in the original divorce cause in the District Court of Bandera County seeking a change of custody of said children and also a modification of the clothing allowance provision in the original decree. Appellee, mother of said children, filed her plea of privilege to transfer said cause to Bexar County where she and her husband reside, and simultaneously filed her motion to increase the child support and modify the visitation rights as provided in the original decree. A judgment was entered sustaining appellee's plea of privilege and transferring such cause as to the plea for change of custody to Bexar County.

Appellant has perfected this appeal wherein he asserts two general propositions. He urges that since under Art. 4639a, Vernon's Ann.Civ.St., the District Court of Bandera County has exclusive jurisdiction to modify the original decree as to the provisions for child support, the cause of action for change of custody should also be tried in the same cause in order to avoid a multiplicity of suits. See Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935 (1894); Parkhill Produce Co. v. Pecos Valley Southern Ry. Co., 348 S.W.2d 208 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e., 163 Tex. 88, 352 S.W.2d 723). He also urges that appellee entered a general appearance in Bandera County by unconditionally filing her motion to modify the visitation rights under the original decree.

Appellee was granted a divorce from appellant by the District Court of Bandera County on September 4, 1963. Said decree provides that appellee is to have the custody of said minor children, and appellant is to have reasonable visitation rights, plus the right to have the children visit with him from June 1 to August 15 of each year. Appellant was ordered to contribute the sum of $100 each month for child support and to furnish said children the clothing necessary for their schooling, church and social activities. Appellant alleged that a material change in conditions justifies changing the custody from appellee to him. He also alleged that appellee expended excessive and unnecessary sums of money for clothing, and sought to have the general provision changed to require him to contribute $300.00 per year for clothing.

In her motion to increase child support and modify the visitation rights, which was filed simultaneously with, but not subject to her plea of privilege, appellee alleged that she had remarried, and, as a result of having another child, she was unable to work. Because of this fact, as well as the increased expenses of the children as they had grown older, appellee asked that appellant be required to contribute a greater amount of child support. She also complained of the uncertainty in the clothing allowance provision and asked the court to set a definite sum. She alleged that the visitation provisions in the original decree whereby appellant had the children for ten weeks during the summer prevented her family from taking a joint vacation, and prayed that the court "review the visitation privileges awarded in the original Decree and modify the same taking into consideration the best interests of all concerned."

It is settled law that a suit seeking a change in custody of minor children following entry of a divorce decree is a separate, independent suit, the venue of which lies in the county of defendant's residence.

Spell v. Green, 144 Tex. 535, 192 S.W.2d 269 (1946); Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940); Caraway v. Hendrix, 389 S.W.2d 611 (Tex.Civ.App.—Waco 1965, no writ). Appellee recognizes this rule, but urges that it has no application to her petition filed in Bandera County seeking to have that court modify the visitation privileges in the original decree. Appellee asserts and the trial court found that only the court which granted the original decree is authorized under Art. 4639a, supra, to review and modify the visitation privileges contained in such decree.

The nebulous distinction between custody and visitation rights of divorced parents with their minor children has caused much concern in our courts, as illustrated by the recent majority and dissenting opinions in Leithold v. Plass, 413 S.W.2d 698 (Tex. Sup.1967). See also Leaverton v. Leaverton, 417 S.W.2d 82 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); Livingston v. Nealy, 382 S.W.2d 511 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.); Glasgow v. Hurley, 333 S.W.2d 658 (Tex. Civ.App.—Dallas 1960, no writ); Paynter v. Janca, 331 S.W.2d 814 (Tex.Civ.App.—San Antonio 1960, no writ). None of these cases involved the question of venue. However, the recent case of Strickland v. Strickland, 424 S.W.2d 725 (Tex.Civ.App. —Houston (1st) 1968, no writ), discusses the question of venue of a subsequent plea seeking modification of the visitation rights in a final decree.

■ It was there held that a judgment in a divorce case awarding a divorce, fixing child custody and awarding visitation rights is the same as any judgment and, upon becoming final, may in respect to custody or visitation rights not be modified except where there is a new suit alleging changed conditions which affect the welfare of the child. Such holding is based on the Supreme Court's construction of Art. 4639a in Lakey v. McCarroll, supra, which limited the effect of the continuing jurisdiction of such statute to changes in child support. We believe the holding in Strickland v. Strickland, supra, is sound and controlling of the venue question presented in our case. It is therefore unnecessary to determine whether appellant's right under the original decree to have the children visit him for ten weeks each summer is a "custody" or "visitation" right.

■ Appellee invoked the general jurisdiction of the District Court of Bandera County by her petition seeking a review by such court of the visitation privileges granted appellant under the original decree. By such general appearance appellee waived her plea of privilege to have appellant's petition to change the custody provision in the original decree heard in the county of her residence. Rule 84, Texas Rules of Civil Procedure; Dyer v. Metallic Building Co., 405 S.W.2d 119 (Tex.Civ. App.—Eastland 1966, no writ); Crosby v. Heldt Bros. Trucks, 394 S.W.2d 235 (Tex. Civ.App.—San Antonio 1965, no writ).

The judgment of the trial court is reversed and here rendered that such plea of privilege be and the same is hereby overruled.