**Louise RECTOR, Appellant,**

v.

**James R. RECTOR, Appellee.**

**No. 479.**

Court of Civil Appeals of Texas, Tyler.

April 23, 1970.

James N. Phenix, Henderson, for appellant.

McKAY, Justice.

This is a divorce action involving the custody of three minor children. The suit went to trial before the court without the intervention of a jury on February 27, 1969. The trial judge signed and entered judgment on September 5, 1969, granting the divorce and awarding custody of the three children to the plaintiff-appellee, James Rector. Upon the motion of the appellant, Louise Rector, the trial court signed and entered, on September 15, 1969, a second judgment, by the terms of which the original judgment of September 5, 1969, was withdrawn, the divorce granted, and the custody of the children awarded to the appellant. Thirty-two (32) days thereafter, on October 17, 1969, the trial court signed and entered yet a third judgment, setting aside the second judgment of September 15, 1969, and reinstating the original judgment of September 5, 1969. The record does not show that the appellant was given any notice of the court's last action. It is from this third judgment that appeal is taken.

Appellant contends that a judgment in a divorce case awarding child custody is the same as any other judgment in that it becomes final after the expiration of thirty (30) days. If so, she argues, the third judgment entered below is itself a nullity as it was entered after the trial court had lost jurisdiction over the case, leaving the second judgment of September 15, 1969, as the final judgment. With this, we must agree.

Rule 329b, Section 5, Texas Rules of Civil Procedure, provides in part as follows:

"5. Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. * * *"

■ It is the opinion of this court that Rule 329b, Section 5, supra, is applicable to judgments in divorce cases in which divorce is granted and custody of minor children is awarded, and therefore, such judgments will become final after the expiration of thirty days from date of rendition or overruling of motion for new trial. We are, of course, making no reference to any judgment concerning contributions to be made toward the support of such minor children. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Strickland v. Strickland, 424 S.W.2d 725 (Tex.Civ.App., Houston, 1st Dist., 1968, no writ); Nixon v. Rohrback, 438 S.W.2d 957 (Tex.Civ.App., San Antonio, 1969, no writ). Thus, such judgments can thereafter only be changed, corrected or modified by bill of review, nunc pro tunc proceedings (Rule 316, T.R.C.P.), or by direct attack. Cargill, Inc. v. Van Deweghe, 384 S.W.2d 216 (Tex.Civ.App., Texarkana, 1964, no writ). The trial court may at any time within this thirty-day period, without notice to either party and on its own motion, set aside or modify its judgment. Affolter v. Affolter, 389 S.W.2d 742 (Tex.Civ.App., Corpus Christi, 1965, no writ).

■ It is our view that this holding in no way conflicts with the established right to ask for a change in child custody upon a material change in condition, or the method of pressing that right. The Supreme Court, in Ex parte Webb, 153 Tex. 234, 266 S.W.2d 855, 856, has stated:

" * * * The statute (Article 4639a, Vernon's Annotated Texas Statutes) has

been clearly and frequently held to mean that once divorce has been granted and child custody awarded, the judgment is final in that respect, and any reopening or application to change or modify the custody is a new and independent action * * *."

Since the trial court allowed its judgment of September 15, 1969, to stand without change or modification for more than thirty days, said judgment became final and the trial court lost plenary control over it. The attempt to set that judgment aside on October 17, 1969, is ineffective and that third "judgment" is a nullity.

Judgment is reversed and rendered for appellant, and the trial court's purported judgment signed on October 17, 1969, is void and of no force and effect.

Reversed and rendered.