

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 4, 1977

The Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas  77002

Opinion No. H-939

Re:  Issuance of marriage
licenses to recently
divorced parties.

Dear Mr. Resweber:

You ask two questions about the authority of the county clerk to issue a marriage license to a recently divorced person.  You describe a situation where the judge has granted one marriage license applicant a divorce more than thirty days prior to his application by announcing the decision in open court and noting it on the docket sheet, but has signed the divorce decree less than thirty days previously.  Neither party to a divorce may marry a third party for thirty days following the date the divorce is decreed, and the county clerk may not issue a marriage license if either applicant indicates that he or she has been divorced within the last thirty days.  Family Code §§ 1.07(a)(7) and 3.66.  You ask whether the thirty day period begins with the judge's oral grant of the divorce, or with his later signing of the judgment.

The court's pronouncement of its decision of law is its judgment, while entry of judgment is the ministerial act which provides documentary evidence of that act.  Coleman v. Zapp, 151 S.W. 1040 (Tex. 1912).  Thus, a divorce is effective as soon as the judge announces his final decision to grant it, even though the written judgment is not signed until some days later.  Dunn v. Dunn, 439 S.W.2d 830 (Tex. 1969); Baugh v. State, 402 S.W.2d 768 (Tex. Crim. App. 1966).

The date of signing is deemed to be the date the judgment is rendered for the purpose of determining the time periods within which various steps toward an appeal must be taken.  T.R.C.P. 306a.  However, this rule does not determine what constitutes rendition of judgment for other

p. 3927

purposes. Id. See Leatherwood v. Holland, 375 S.W.2d 517 (Tex. Civ. App. -- Fort Worth 1964, writ ref'd n.r.e.). Therefore, we believe that the thirty day waiting period prescribed in sections 1.07(a)(7) and 3.66 of the Family Code begins with the judge's announcement of his final decision in court.

We note that the judge of a district or county court has authority to set aside, modify, or amend his final judgment for thirty days after rendition. T.R.C.P. 329b. This thirty day period during which the court may change its judgment begins with the signing of the judgment and not the oral rendition. Ex parte Godeke, 355 S.W.2d 701 (Tex. 1962); Rector v. Rector, 454 S.W.2d 229 (Tex. Civ. App. -- Tyler 1970, no writ). See T.R.C.P. 306a and 329b. Therefore, an oral decree of divorce, valid thirty days after it is announced, may subsequently be set aside, a new trial granted, and a written order embodying the later decision entered. See Louwien v. Dowell, 534 S.W.2d 421 (Tex. Civ. App. -- Dallas 1976, no writ). Cases may arise in which parties marry in reliance on a divorce decree later set aside by the court. The second marriage will be void because one party was already married. Family Code § 2.22. See Miller v. Miller, 487 S.W.2d 382 (Tex. Civ. App. -- Fort Worth 1972, writ ref'd n.r.e.). However, the Family Code does not make the county clerk responsible for preventing such occurrences. The applicant for a marriage license must indicate his marital status, and he has better access than the clerk to the information that his divorce might be set aside on a motion for a new trial. Therefore, the county clerk may issue a marriage license when one applicant has been divorced by the judge's pronouncement more than thirty days previously, even though the judge signed the decree less than thirty days previously.

You also ask whether the county clerk may issue a marriage license under the facts stated in your first question where the two applicants were divorced by the decree and are seeking to remarry. The thirty day waiting period of section 3.66 does not extend to couples who have recently been divorced from each other; in fact "the parties divorced may marry each other at any time." (Emphasis added). However, in its 1975 amendment to the provision on issuance of a marriage license, the Legislature has declared that "[t]he county clerk may not issue a license to the applicants if . . . either applicant indicates that he or she has been

divorced by a decree of a court of this state within the last 30 days."   Family Code § 1.07(a)(7).

The aim of statutory construction is to ascertain the legislative intent.   State v. Jackson, 376 S.W.2d 341 (Tex. 1964).   Section 3.66 expresses the intent that divorced couples may remarry one another during the thirty days after the divorce decree.   Section 1.07(a)(7), which denies a marriage license to applicants divorced within the last thirty days, must be construed with reference to the system of legislation of which it is part.   Code Construction Act, V.T.C.S. art. 5429b-2, § 3.01(2) and (3).   We believe that the legislative intent expressed in section 3.66 will be frustrated if a divorced couple may not obtain a license to remarry within the thirty days after their divorce and must instead attempt to establish an informal marriage under sections 1.91 and 1.92 of the Family Code.   We do not believe that the Legislature, in enacting section 1.07(a)(7) intended it to apply to applicants recently divorced from one another. The provision refers to "either applicant," indicating that the Legislature did not have in mind a case where the two applicants are divorced from one another.   We believe that section 1.07(a)(7) was enacted to change the law as interpreted by Attorney General Opinion H-581 (1975), which found that the county clerk had authority to issue licenses to applicants divorced in the last thirty days.   In H-581, we did not deal with the divorced couple seeking to remarry, and we do not believe that the legislation inspired by H-581 applies to that case. The process of statutory construction may properly include consideration of the conditions to be remedied.   Code Construction Act, V.T.C.S. art. 5429b-2, § 3.03(1).   The county clerk may issue a marriage license to applicants divorced from one another within the last thirty days.

### S U M M A R Y

The county clerk may issue a marriage license where one applicant has been divorced by oral pronouncement of the court more than thirty days previously, even though thirty days have not elapsed since the signing of the judgment.   The

clerk may issue a marriage license to applicants who have been divorced from one another within the last thirty days.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb