## BOWMAN et vir. v. BRIDGES.
### No. 6439.

Court of Civil Appeals of Texas. Texarkana.
May 5, 1949.

Couch, Couch & Farmer, Bonham, for appellants.

Cunningham, Lipscomb & Cole, Bonham, for appellee.

HALL, Chief Justice.

This case involves the custody of James Michael Bridges, a boy aged nine, and is in the nature of a petition for writ of habeas corpus. It was instituted by appellant Alline Bowman, mother of the minor, joined pro forma by her husband, Jack Bowman, against appellee, James H. Bridges, father of said minor and former husband of Alline Bowman. Appellee filed his answer and the trial of the case was begun on September 18, 1948, some two days after the filing of appellant's petition for the writ.

Judgment was entered by the court awarding custody of the minor to appellee, "subject, however, to the right of the plaintiff, Alline Bowman, to visit and see said child at all reasonable times and places."

We shall refer to appellants simply as appellant.

At the outset we are met with a motion by appellee to disregard and not consider for any purpose the three bystander's bills of exception prepared and filed in the record by appellant. These three bills relate to the failure of the trial court to prepare and file (1) amended findings of fact, (2) amended conclusions of law and (3) additional and further findings of fact and conclusions of law. In response to the original request of appellant the trial court timely prepared and filed his findings of fact and conclusions of law. After the trial court had filed findings of fact and conclusions of law as stated above, appellant prepared three bills of exception and submitted them to the trial court attacking such findings and conclusions. Bill No. 1 includes the findings of fact and conclusions of law theretofore filed by the trial court and appellant's request for amended findings of fact. Bill No. 2 contains the trial court's findings of fact and conclusions of law and appellant's motion for amended conclusions of law. Bill No. 3 also contains the findings of fact and conclusions of law and appellant's request for further findings of fact and conclusions of law. All three of these bills were qualified by the trial court, and as qualified were filed in the record of this case on December 3, 1948. No exception to the court's qualification of the bills appears in the record. After the above three qualified bills were filed appellant prepared and filed the three bystander's bills embodying all the matters set out in the three qualified bills, and in addition set out her requested amended and additional findings of fact and conclusions of law. Appellee's motion to strike the bystander's bills is sustained.

As we view the record before us, we are precluded from considering the three bystander's bills for the following reasons, namely, (1) the bills are attested by only two persons, whereas under Rule 372, Sec. (j), three signatures are required, and (2) after the three qualified bills were filed no authority existed under the rule for filing the bystander's bills. Rule 372, Texas Rules of Civil Procedure, Secs. (i), and (j). Furthermore, this court is bound by the three bills as qualified by the trial court. Self v. Becker, Tex.Civ.App., 195 S.W.2d 701 (opinion by Justice Harvey, now of the Sup. Ct.), and authorities there cited.

Appellant by her first point asserts that the trial court erred in overruling her exceptions to each and every portion of appellee's original answer which alleges any other matter than the general denial set forth in the beginning of said answer, "and which seeks to assert any change of conditions since the divorce decree of the California court since this court did not have jurisdiction of the question of changed conditions."

By her second point appellant asserts that the trial court "erred in his conclusion of law No. 1, wherein he found that 'the residence and domicile of said child has been in Fannin County, Texas, since April of 1947,' since such conclusion is contrary to the law and the evidence."

Appellant alleged that appellee, James H. Bridges, and appellant Alline Bowman were formerly husband and wife and to their marriage, in January, 1939, was born the minor James Michael Bridges, the subject matter of this suit. She also alleged that she filed suit for divorce against James H. Bridges in the State of California; that on June 20, 1945, an interlocutory judgment was entered in her favor, which was made final on July 17, 1947; "that, by virtue of said orders, decrees and judgments, custody of their child was decreed to the said Alline Bowman. That the said judgment and order of the said court is still in full force and effect and has never been modified or changed, and that Alline Bowman is entitled to and legally has the custody and care of the said child under and by virtue of such judgment." The facts are that some time in April,

1947, appellant requested appellee to come to California for the minor and take him to appellee's home in Fannin County, stating that she was ill, would have to undergo surgery and was unable to properly care for the minor. Appellee did as requested and placed the minor in his mother's home in Dodd City, in Fannin County, Texas, where appellee's mother, his sister and her husband and he resided. Alline bore the expenses of appellee to and from California and the minor's expenses from California to Texas. The minor was returned to Fannin County, Texas, in April before the interlocutory judgment in the divorce proceedings was made final. Appellant's allegations and testimony were that she parted with the custody of the minor only temporarily and not permanently; that appellee promised to deliver the minor to her when she had regained her health. She also testified that she requested appellee to take the child rather than her mother and father who lived in California because she knew appellee and his mother would enjoy having the child with them. The evidence shows that the minor had made at least two trips to Texas before to be with his father and grandmother. Appellee alleged and testified that appellant voluntarily delivered the minor to him, without any restrictions, in April, 1947, some three months prior to the date the interlocutory order was made final and at a time when "the marriage of the parties was in full force and effect." The facts show further that appellant has submitted to surgery, been dismissed by her physician, and married her present husband, Bowman, in July, 1948.

It is undisputed that on the date of the trial below the minor was actually residing in Fannin County with his father (appellee) and has so resided for about seventeen months; it is also undisputed that appellee gained the custody of the minor from appellant lawfully. The record reflects that sometime in the latter part of August, 1948, appellant sent her sister-in-law from California to Dodd City to get the minor but appellee refused to deliver him to her. Appellee, shortly before the filing of this suit in the court below, refused to let appellant have the custody of the minor. After appellee's refusal to permit appellant to take the child in September, 1948, appellant invoked the jurisdiction of the Fannin County Court by filing therein her petition for writ of habeas corpus, requiring appellee to produce the minor in court. Appellee answered the petition for writ of habeas corpus, setting up that conditions respecting the custody of the minor had changed, alleging the physical condition and mental attitude of the child when he went to California for him, the poverty of the mother, the living conditions under which the child was being reared in California, and the several marital troubles of appellant since their separation.

 Under the circumstances listed above, it is our opinion that the Fannin County District Court had jurisdiction to determine the welfare of the minor under the allegation of changed conditions. Campbell v. Storer, 101 Tex. 82, 104 S.W. 1047; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293 (Com. App., opinion adopted by Sup.Ct.), and authorities there cited. The latest authority we have found on this subject is Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 878. In that case it is said:

"So, whatever doubt may have once existed on the subject, the rule now is that technical legal domicile of the child in this state is not a sine qua non of child custody jurisdiction on the part of our courts. * * *

"The principle underlying jurisdiction of the subject matter in child custody cases is the welfare of society, primarily as evidenced by the welfare of the child, but involving also the right, and, for that matter, the duty, of a state, being the relatively independent sovereign that it is, to look after the welfare of individuals within its borders, as well as the duty of such state to contribute toward the orderly administration of justice under our federal system by paying due heed to existing relationships on the part of the child or other persons concerned with other states, whether within or without the scope of the full faith and credit clause of the

federal constitution. Ordinarily the courts of the domiciliary state are in a better position to pass intelligently on the matter of the child's welfare, and good order frequently requires that they do so to the exclusion of courts of other states in which the child is temporarily resident. But where the latter are in a more or less equally good position to determine the child's best interest, and their doing so appears to involve no particular prejudice to good order or social welfare, they have jurisdiction. We believe that a proper interpretation of the above cited authorities of this state is in harmony with this view.

"Applying the foregoing to the present case, and still assuming the technical legal domicile of the child to be in Virginia, we see no reason why the Dallas Court should not have taken jurisdiction of the subject matter."

The record reflects that during the trial of this case in the court below appellant took the minor and left the state and neither appellant nor the minor thereafter appeared in court. This act on appellant's part could in no wise affect the judgment in this case. The jurisdiction of the District Court of Fannin County having been legally invoked by appellant with respect to the custody of the minor, could not be defeated by her by the wrongful removal of the subject matter, the minor, from the jurisdiction of the court; to hold otherwise would put a premium on the wrongful act and permit trifling with the trial court. Appellant's points one and two are overruled.

Appellant presents nine other points, by which she asserts that the trial court erred in his findings of fact and conclusions of law, and in admitting certain evidence. No good cause can be served by further detailing the facts in this case. After a careful examination of the entire record we have concluded that it amply supports the findings of fact and conclusions of law filed by the trial court. The admission of the evidence complained, of if inadmissible in any respect, is certainly harmless. These points ore overruled.

The judgment of the trial court is affirmed.