**C. M. PORTER, Appellant,**

**v.**

**DENTON LIVESTOCK COMMISSION, INC.,**
**Appellee.**

**No. 16729.**

Court of Civil Appeals of Texas.

Fort Worth.

May 6, 1966.

Rehearing Denied June 3, 1966.

Supplemental Opinion June 3, 1966.

Stark & Davey, and Richard S. Stark, Gainesville, for appellant.

Jim J. Hatcher and L. V. Henry, Jr., Gainesville, for appellee.

## OPINION

RENFRO, Justice.

The Denton Livestock Commission, Inc., originally brought suit on sworn account against L. E. Gilley and C. M. Porter, d/b/a S & W Meat Company, a partnership. Defendant Porter denied he was in partnership with Gilley.

Judgment, based on jury findings, was entered for plaintiff against defendant Porter.

Defendant Gilley was dismissed from the case because he had been adjudged a bankrupt.

Defendant Porter appealed.

The terms "partner" and "partnership" were properly defined in the charge to the jury.

The jury found that Porter and Gilley were partners and such partnership existed at the time plaintiff's cause of action arose.

On appeal defendant contends there was no evidence to support the findings that Porter and Gilley were partners by agreement. In other points it is contended the court erred in admitting "all the testimony" of the witnesses Brown, Williams and Banks.

Defendant did not file a statement of facts. Thus, he did not comply with Rule 386, Texas Rules of Civil Procedure.

He did not prepare and file a condensed statement in narrative form as permitted by Rule 377(a). He did not take advantage of any benefit accorded him by Rules 377 and 378.

Therefore, the appeal is before us on the transcript.

From an examination of the record before us it is obvious the above points cannot be considered without a statement of facts.

■ In the absence of a statement of facts, agreed statement of facts or partial statement of facts as provided in Rules 377 and 378, it must be presumed there was sufficient evidence introduced to support the findings of the jury and the judgment of the court.

■ The pleadings stated a cause of action against defendant and the issues were submitted in accordance with the pleadings. The answers of the jury were sufficient bases for the entry of judgment in favor of plaintiff. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683 (1951); Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549 (1946); Franke v. Franke, 373 S.W.2d 891 (Corpus Christi Civ.App., 1963, no writ hist.); Quarles v. Horton & Horton Building Materials Co., 336 S.W.2d 267 (Waco Civ.App., 1960, no writ hist.).

■ Other points attack the action of the court in invoking in the judgment the doctrine of estoppel in pais. The judgment does not show that it was based on estoppel. The judgment is in short form merely setting out the findings of the jury and adding that the court considered such additional findings as authorized by law.

There were not sufficient findings to warrant a judgment on estoppel; there were sufficient findings of an agreed partnership upon which a judgment could be based. We must presume the court based its judgment on the jury findings of a partnership by agreement, and in the absence of a statement of facts we must presume there was some evidence authorizing the submission of such issues.

Finally, the defendant contends the court erred in overruling defendant's objections to the court's charge. In the light of the record before us we find no reversible error in the charge. 3 Tex.Jur.2d 707–9, §§ 458–9.

■ It is an exceptional case in which an appellant is entitled to a reversal of the trial court's judgment in the absence of a full or at least partial statement of facts. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600 (1953). This is not such an exceptional case.

Affirmed.

### SUPPLEMENTAL OPINION

PER CURIAM.

Our written opinion in his case was rendered on May 6, 1966. On May 20, being fourteen days after the release of our opinion, the appellant filed his motion for leave to file statement of facts. The motion is overruled. Rule 386, T.R.C.P.; Consolidated Casualty Insurance Co. v. Wade, 373 S.W.2d 841 (Corpus Christi Civ.App., 1963, writ dism.); Franke v. Franke, 373 S.W.2d 891 (Corpus Christi Civ.App., 1963, no writ hist.), and authorities cited in the above two cases.