**Carolyn STAPLES, Appellant,**

v.

**Richard STAPLES, Appellee.**

**No. 4113.**

Court of Civil Appeals of Texas.

Eastland.

July 7, 1967.

Schulz & Hanna, Malcolm C. Schulz, Yates & Yates, Jack M. Yates, Abilene, for appellant.

Dan Abbott, Abilene, for appellee.

GRISSOM, Chief Justice.

On July 29, 1965, the Domestic Relations Court of Taylor County granted Carolyn Staples a divorce from Richard Staples. The judgment recited that they had agreed on child support, custody and visitation rights. It ordered the father to pay $225.-00 per month to the mother for support of their three children. It gave custody to the mother but provided that the father should "have the right to visit with said chidren *in the home where they are residing* each Saturday and/or Sunday of each week hereafter, after having given not less than four (4) days written notice of his intention and desire to visit with such children, which notice shall be addressed to their custodian." (Emphasis ours). It ordered the mother to not "permanently" remove said children from "Harris" County without written permission of the court, after notice to their father. Thereafter, the mother took said children with her to Alabama without the written permission of the court and without notice to the father. However, it was not established that she "permanently" removed them or that her domicile had been changed and she has not been held in contempt.

On May 10, 1966, Richard Staples filed a motion in said court which was labeled "motion to reduce child support." It was filed in the divorce case, with the same number and designation of parties. He alleged therein that since rendition of the divorce judgment conditions had materially changed; that Carolyn Staples, contrary to said order, had on March 15, 1966, taken said children out of Texas and that he had found them in Alabama on April 31st. He alleged that he had thereby been deprived of the visitation rights granted him in the divorce judgment; that Carolyn Staples had disobeyed said order and that she was living with her parents and was gainfully employed. He further alleged that he had married again; that his new wife had children and that the additional money required to provide for his present family made it difficult to continue paying $225.00 per month for support of the children of his first marriage. He asked that support payments be reduced to $60.00 per month. He sought to have Carolyn held in contempt of court. He further sought to have the court award him reasonable visitation rights with his minor children and that said rights be specifically stated in the order. He prayed that Carolyn be cited; that the former judgment be so modified and that the court grant him "specific" visitation rights and general relief.

After citation and notice to Carolyn Staples, said court on June 14, 1966, heard said motion. Carolyn testified in the proceeding here on appeal that upon a hearing of Richard Staples' said motion to modify the divorce decree that she had appeared and testified relative to the additional visitation rights there sought by Richard Staples. A record of that hearing is not before us. The court modified the provisions of the divorce judgment fixing the visitation rights of the father. The modified judgment contained a recital that it appeared to the court that Richard Staples' right of reasonable visitation, as formerly ordered, had caused hardship and the court found that such right should be modified, as follows:

"IT IS THEREFORE THE ORDER, JUDGMENT and DECREE of this Court that hence forth and until the further Order of this Court, the Defendant, Richard Staples, shall have reasonable visitation with said minor children at their present address in Gadsden, Alabama, or wherever they may be found hereafter, on each weekend, from Saturday at 10:00 a. m. to Sunday at 6:00 p. m., provided that the Defendant, Richard Staples shall give the Plaintiff, Carolyn Staples, at least a seventy-two (72) hour

notice of his wish to exercise his reasonable visitation right with said children, on any particular weekend. And such reasonable visitation right may be exercised by said Defendant away from the home of said Carolyn Staples.

IT IS THE FURTHER ORDER of this Court that said Richard Staples shall have reasonable visitation with said minor children commencing July 11, 1966, to and inclusive of July 26, 1966; and the Plaintiff shall place said minor children on a commercial airline on the former date, to its destination in Dallas, Texas, where the Defendant will meet said children, and he shall return them to the Plaintiff by like transportation on the 26th day of July, 1966. Like visitation each July hereafter is hereby granted to Richard Staples with said minor children, until the further Order of this Court; and such transportation shall be at the expense of Richard Staples."

It is evident from the record that Carolyn Staples refused to comply with said judgment so modifying the visitation rights of the father, whereupon, Richard Staples filed suit in an Alabama court and it ordered Carolyn Staples to comply with said modified order of the Texas Court, dated July 5, 1966. On July 22, 1966, Carolyn Staples filed an amended motion in the same Texas court and case to set aside said order of July 5, 1966. This is an appeal from an order overruling her said motion. She alleged therein that Richard Staples' pleadings did not support said modified judgment of July 5, 1966, which, she says, changed "custody" of the children, which had to be done in a new and independent case. She said she should have been more fully apprised by her former husband in said motion of any change in conditions calling for a change of "custody". She therein made the contention, which she reiterates on this appeal, that said judgment modifying the visitation rights of Richard Staples changed the "custody" of the children, a matter which

must be determined in a new and independent action and which cannot be changed in the divorce case, wherefore, she contends, said court did not have jurisdiction to render the judgment of July 5, 1966, because said children were residents of Alabama and not before the court. An adjudication of custody in a divorce judgment may be modified if it is shown that since rendition of the divorce judgment conditions have materially changed so that the welfare of the children requires a change of "custody". Ex parte Eaton, 151 Tex. 581, 252 S.W.2d 557, 560. See also Ex parte Mullins (Sup.Ct.) 414 S.W.2d 455. It is pertinent here to state, however, that we do not think "custody" has been changed, only the father's visitation rights. Visitation rights, ordinarily, may be changed in the divorce court. This record does not conclusively show that appellant's or the childrens' domicile has been changed from Texas to Alabama. Although the children were found in Alabama with their mother, this record does not conclusively show that she intended to change her domicile to Alabama. Thereafter Carolyn Staples filed a motion in the same court and case to set aside the modification order of July 5, 1966. Richard Staples denied said contention of Carolyn. He alleged that said court had jurisdiction to modify his visitation rights; that Carolyn was before that court in response to notice and citation served upon her; that she appeared in said court on June 27, 1966; and testified at a hearing of his said motion concerning his visitation rights and did not attack its jurisdiction. These facts were substantially established by this record and appellant's testimony on the hearing of her motion to set aside the order of July 5, 1966, which modified appellee's visiting rights as fixed in the divorce judgment, she testified in substance that she personally appeared at said hearing and testified relative to the merits of appellee's motion to change his visitation rights. He alleged that Carolyn refused to follow the modified order providing for transportation of the children to

him by air. Carolyn Staples' motion to set aside the order of July 5, 1966, was based on her contention that the court did not have jurisdiction to alter the "custody" provision of the divorce judgment because she and the children were residents of Alabama. As stated, this record does not show a change of "custody" and it does not conclusively show that their domicile was changed to Alabama. Carolyn Staples has appealed from the order overruling her motion to set aside the order of July 5, 1966, modifying appellee's right to visit his children, as said right was fixed in the divorce judgment.

■ Appellant ably contends that said court, under the circumstances mentioned, did not have jurisdiction to render the judgment of July 5, 1966, which we hold changed the visitation rights of the father and not custody. It is evident that while the mother had said children in Alabama that the visitation rights awarded their father in the divorce judgment could not be exercised and that, in the absence of compliance by Carolyn Staples with the modifying order of July 5, 1966, the father's right of visitation was, as a practical matter, nil, he being in Texas and they in Alabama.

■ We think appellant's contention that the court was without jurisdiction to modify what she calls the "custody" provision of the divorce judgment, was in effect determined against her by our Supreme Court in Leithold v. Plass, 413 S.W.2d 698. There, the father obtained an increase of the visitation rights which had been granted in a foreign divorce judgment. The increase was granted by the Juvenile Court of Dallas County, Texas, and the mother appealed. Our Supreme Court held that the judgment of the Juvenile Court modified the divorce decree with respect only to "visitation rights"; that it did not alter the "custody" provision of the divorce judgment and that there was sufficient evidence of a change of conditions to support modification of the visitation rights. We

conclude that the order here appealed from modified visitation rights, not custody, and that, under the circumstances mentioned, said court had jurisdiction to render the judgment so modifying his visitation rights and, since we have no record of the proceedings that were the basis of said modification order, in support of that judgment, we presume there was sufficient evidence of a change of conditions to support it. We hold that appellant has not shown that said court did not have jurisdiction to modify appellee's visitation rights. See St. Louis & S. F. R. Co. v. Hale, 109 Tex. 251, 206 S.W. 75; Bates v. Smith, 155 Tex. 443, 289 S.W.2d 215; Cuellar v. Cuellar, Tex.Civ.App., 406 S.W.2d 510; Schwartz v. Jacob, Tex.Civ.App., 394 S. W.2d 15. Although not carefully stated, the motion contained sufficient allegations of a change in conditions to support the order modifying appellee's visitation rights. It showed that appellant's acts had deprived appellee of the visitation rights granted him in the divorce judgment. In the divorce case, Carolyn had to invoke the jurisdiction of said Taylor County, Texas, court to determine divorce, custody and visitation rights; she had to allege and prove therein that she was a resident of Taylor County, Texas. She was ordered by that judgment to not "permanently" remove the children from Texas without first doing certain things which she has not done. Although she and the children were found in Alabama, this record does not conclusively show that their legal domicile was changed from Texas to Alabama. See Bowman v. Bridges, Tex.Civ.App., 220 S.W.2d 512, 515; Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 878, 4 A.L.R.2d 1; Peacock v. Bradshaw, 154 Tex. 68, 194 S. W.2d 551 and Beckmann v. Beckmann, 358 Mo. 1029, 218 S.W.2d 566, 9 A.L.R.2d 428, 432. Our Supreme Court's statement in Leithold v. Plass, 413 S.W.2d 698, at page 701, is pertinent here: "Technical rules of practice and pleadings are of little importance in determining issues concerning the custody of children", citing Conley v. St.

Jacques, Tex.Civ.App., 110 S.W.2d 1238, 1242, (Writ Dismissed), and Williams v. Guynes, Tex.Civ.App., 97 S.W.2d 988. Appellant does not bring to us a record of the hearing of appellee's motion for a change in his visitation rights, which was necessitated by appellant's removal of the children from Texas, and at which she voluntarily appeared and testified concerning the merits of his motion and in which she subsequently filed said motion to set aside the order of July 5, 1966.

All of appellant's points are overruled. The judgment is affirmed.