**Julie Anne BONEY, Appellant,**

v.

**John M. BONEY, Appellee.**

**No. 4358.**

Court of Civil Appeals of Texas, Eastland.

Jan. 30, 1970.

Rehearing Denied Feb. 27, 1970.

ment with respect to either custody or visitation, in the District Court of Sherman County.

Mr. Boney lives in Hansford County and Julie Anne Boney resides in Jefferson County. She filed her plea of privilege and asked that such proceedings be transferred to the county of her residence. Mr. Boney filed his controverting affidavit. The court overruled the plea of privilege and Mrs. Boney has appealed.

Mr. Boney alleged in his petition:

"That at the time said divorce decree was entered in the above styled and numbered cause, plaintiff and defendant were residents of Sherman County, Texas, and said child was located in Sherman County, Texas; that since the date of said judgment and decree, Petitioner has remarried and is now a resident of Hansford County, Texas, maintaining a home in Gruver, Texas, and is engaged in business in Gruver, Texas; that the Respondent has moved and now resides in Port Arthur, Texas, some 800 miles from the residence and home of Petitioner."

"—that Petitioner has a good home and said child could visit with the Petitioner in his home in Gruver, Texas during the summer months when said child was not in school;—"

Mr. Boney testified substantially as follows:

Since my divorce from Julie, I have married and have a home in Gruver, Texas. I would like for my boy to visit me during the summer months when he is not in school. I would like for him to visit with me for two weeks or fifteen days during the summer months.

In Strickland v. Strickland, Tex.Civ.App., 424 S.W.2d 725, (no writ history), the court said:

"We are unable to agree with appellant. No Texas case has been cited us and in our extensive research we have found

Sanders, Scott, Saunders, Brian & Humphrey, Robert H. Smith, Amarillo, A. A. DeLee, Port Arthur, for appellant.

Fike, Hunter & Schultz, King Fike, Dalhart, for appellee.

WALTER, Justice.

This is a venue case. John M. Boney was divorced from Julie Anne Boney in the District Court of Sherman County on July 3rd, 1968. One child, Roy Tim Boney, a boy five years of age, was born to said marriage union. The judgment decreed "that the care, custody and control of said child, be and is hereby granted to the defendant, Julie Anne Boney, with the right of reasonable visitation granted to the plaintiff, at reasonable times and places."

John M. Boney filed this suit seeking to change the provisions of the original judg-

none supporting this contention. There are many cases involving a discussion of a change in custody where there is language used by the court in which there is an indication there is a distinction between a change in custody and a change in visitation rights. In none of them, however, has it actually been held that the court had continuing jurisdiction to change rights of visitation.

We are of the view that a judgment in a divorce case awarding a divorce, fixing child custody and awarding visitation rights is the same as any judgment and upon becoming final may in respect to custody and visitation rights not be modified except where there is a new suit alleging changed conditions which affect the welfare of the child."

"A judgment in Texas becomes final thirty days after its rendition and can be set aside only by a direct attack or an equitable bill of review. Rule 329b, Texas Rules of Civil Procedure. A final judgment is res adjudicata as between the parties thereto. We see no difference between a judgment fixing custody of children and fixing visitation rights and any other judgment in this respect."

█ It is well settled in this state that venue of a suit to relitigate the right to the custody of a child on the ground of alleged changed conditions is in the county of the residence of the defendant. Spell v. Green (1946), 144 Tex. 535, 192 S.W.2d 260.

█ We hold, for venue purposes, there is no distinction between a change in custody and a change in visitation rights. A party has the right to be sued in the county of his residence. Exceptions to this rule must be clearly established before a party can be deprived of such right. We hold that the appellee failed to discharge the burden of pleading and proving an exception to the general rule.

The judgment is reversed and here rendered that appellant's plea of privilege be sustained.