John M. BONEY, Petitioner,

v.

Julie Anne BONEY, Respondent.

No. B–2072.

Supreme Court of Texas.

July 29, 1970.

---

Fike & Hunter, King Fike, Dalhart, for petitioner.

Sanders, Scott, Saunders, Brian & Humphrey, Robert H. Smith, Amarillo, A. A. DeLee, Port Arthur, for respondent.

Everett Lord, Beaumont, amicus curiae.

HAMILTON, Justice.

Petitioner, John M. Boney, originated this suit in a divorce court praying that it should clarify and make definite and certain its prior divorce decree which stated that petitioner should have the right of reasonable visitation with his child at reasonable times and places. Respondent, Julie Anne Boney, filed a plea of privilege to be sued in the county of her residence and such plea was overruled by the divorce court. After stating that petitioner's pleading was for either a change in custody or a change in visitation, and that venue for a change in custody is in the county of the residence of the defendant, the Court of Civil Appeals held that for venue purposes there is no distinction between a change in custody and a change in visitation. Therefore, the Court reversed the divorce court's judgment and rendered judgment that respondent's plea of privilege be sustained. 450 S.W.2d 902. We affirm the judgment of the Court of Civil Appeals.[1]

On July 3, 1968, the District Court[2] of Sherman County, Texas, granted petitioner a divorce from respondent. Respondent was granted the "care, custody and control" of the couple's only child, Roy Tim Boney, a boy five years of age. Petitioner was granted "the right of reasonable visitation at reasonable times and places." The court also ordered petitioner to make certain child support payments.

On May 28, 1969, petitioner originated the present suit by filing in the District Court of Sherman County, Texas, a pleading denominated as an "Application to Render and Make Effective the Exercise of Visitation Rights Granted by a Former Decree of this Court in this Divorce Proceeding." The pleading alleged that at the time of the divorce decree on July 3, 1968, both petitioner and respondent were resi-

dents of Sherman County, Texas, that their child was then located in Sherman County, Texas, that petitioner has since remarried and is now a resident of Hansford County, Texas, and that respondent is now a resident of Jefferson County, Texas. Petitioner further alleged that the divorce decree set out no guidelines as to what is "reasonable visitation at reasonable times and places," that he and respondent have been unable to agree upon what is "reasonable," that he has been denied reasonable visitation, that it is now necessary that the District Court of Sherman County determine and specify the time and place that petitioner may exercise his rights of visitation without the supervision of respondent or her parents, that petitioner now has a good home in which the child could visit for a period of time during the summer school vacation, and that due to the present distance between petitioner's residence and respondent's residence a great hardship and inconvenience would result if petitioner's visitation rights must be exercised only in Jefferson County. Petitioner's pleading concluded by praying that the Court make definite and certain petitioner's rights of visitation, considering all the facts and circumstances.

In his Controverting Affidavit in reply to respondent's plea of privilege, petitioner stated:

" * * * the only relief which plaintiff is seeking to obtain by the petition filed herein is for this court to make definite and certain that which is indefinite and uncertain in this court's decree heretofore entered in this cause as to the visitation rights of this plaintiff; that only this court can decide and determine the meaning and effect of the decree entered by this court and no right to the change of custody or any other matter is involved in this suit, whereby the venue of

---

1. This Court has jurisdiction in this plea of privilege case because of a conflict between the decision of the Court of Civil Appeals below and the decision in

Flannery v. Eblen, 106 S.W.2d 837 (Tex. Civ.App.1937) n. w. h.

2. Referred to in this opinion as the "divorce court."

the same would be in the County of the defendant's residence. * * * "

The testimony given during the hearing on respondent's plea of privilege concerns primarily the conditions existing in 1968 at the time the divorce decree was entered, the problems petitioner has encountered in attempting to visit the child, and the present circumstances tending to justify petitioner's desire to have the child visit in petitioner's home for some period of time during the summer months, perhaps "two weeks or fifteen days."

Basically petitioner contends that the divorce court has continuing exclusive jurisdiction in this matter for one of two alternative reasons:

1. His pleading does not seek a change in visitation but merely seeks a clarification of the prior decree, a matter over which a trial court retains continuing exclusive jurisdiction.

2. If his pleading is construed to be a request for a change in visitation, then under present law the divorce court has continuing exclusive jurisdiction.

In support of his first alternative that a trial court has continuing exclusive jurisdiction to clarify and make definite and certain its prior decree, petitioner cites Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); Carle v. Carle, 234 S.W.2d 907 (Tex.Civ.App.1950) certified to the Supreme Court at 149 Tex. 469, 234 S.W. 2d 1002; Ex Parte Gonzalez, 111 Tex. 399, 238 S.W. 635 (1922); Ex Parte Lohmuller, 103 Tex. 474, 129 S.W. 834 (1910); Chambers v. Hodges, 3 Tex. 517 (1848); and Flannery v. Eblen, 106 S.W.2d 837 (Tex. Civ.App.1937) n. w. h. All of these cases involve a court's continuing exclusive jurisdiction but we have determined that none of these cases are controlling in the present case. Knox v. Long, supra, involved a case which in one term had been dismissed for failure to prosecute but was reinstated on the docket during the next term. This Court concluded that the dis-

missal was due to an error on the part of the clerk and that the judge had never intended to dismiss the case. Citing Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912), which involved a clerical omission, this Court stated the general rule that " * * * a court has the inherent power to correct a judgment by entry nunc pro tunc so as to properly recite the effect of the court's judgment. * * * " Carle v. Carle, supra, was a divorce case in which the Court of Civil Appeals stated:

"The appeal that was perfected in this cause is from the judgment of the trial court entered July 19, 1949. No appeal was perfected from the judgment of the trial court entered December 12, 1949, by which the $2666.79 was impounded in the registry of the court and the receiver ordered discharged. We have no jurisdiction of this matter. The trial court has the power and duty to determine the proper disposition of this fund."

Ex Parte Gonzalez, supra, involved a divorce suit which was filed in one district court but was later transferred to another district court. The latter court held the husband in contempt for violating an injunction issued by the first court. On appeal this Court held that " * * * one court in no case is authorized to punish contempts of another court." In Ex Parte Lohmuller, supra, this Court recognized the general rule that once a trial court's judgment becomes final that court is without jurisdiction to make any readjudication; however, this Court further stated:

"The jurisdiction sometimes remains to take action authorized by law in the cause for the protection of persons or property in the control of the court, the necessity for which may arise after the judgment has been pronounced, and the proper exercise of which may be entirely consistent with the integrity of the final judgment and therefore not affected by the rule of law on which relator relies."

This Court concluded that the trial court, during a term subsequent to the term in

which a divorce decree was ordered, could properly order a husband to pay alimony to his wife during the pendency of the appeal of the divorce decree. Chambers v. Hodges, supra, involved an application to this Court requesting reconsideration of a judgment entered in the prior term. This Court held that it could not reconsider the prior judgment; however, a general exception was stated:

"This limitation upon the authority of the court will not prevent the correction of clerical errors or mistakes, or defects of form, or the addition of such clause as may be necessary to carry out the judgment of the court or to declare a judgment null and void which was rendered in a case not legally before the court."

Flannery v. Eblen, supra, involved facts not significantly dissimilar from those in the present case. The Court of Civil Appeals held that a divorce court has continuing exclusive jurisdiction to clarify the ambiguity surrounding the meaning of "reasonable visitation" as awarded in its prior judgment. The Court relied primarily upon Chambers v. Hodges, supra, and Trammell v. Trammell, 25 Tex.Supp. 261 (1860). For reasons stated hereinafter we disapprove Flannery v. Eblen.

 We do not construe the pleading involved in Flannery v. Eblen nor petitioner's pleading in the divorce court in the instant case as requesting the correction of a clerical error, a defect in form, an omission in the judgment, etc., which under petitioner's authorities would authorize the divorce court to retain continuing exclusive jurisdiction to clarify and make definite and certain the meaning of "reasonable visitation at reasonable times and places." There is no indication that petitioner's pleading was intended to institute contempt proceedings. Rather we construe petitioner's pleading as requesting a change in visitation. See Leithold v. Plass, 413 S.W.2d 698 (Tex.1967). However, we reach the same result as did the Court of Civil Ap-

peals even though it construed petitioner's pleading as seeking either a change in visitation or a change in custody, because, as hereinafter discussed, we think that for venue purposes there is no distinction between a change in custody and a change in visitation. The basis of our holding that petitioner's pleading does not seek to merely clarify the prior judgment is that it is undisputed that the judgment entered on July 3, 1968, by the divorce court was the exact judgment which that Court intended to enter and, since petitioner did not appeal from that judgment, it apparently was a judgment suitable to petitioner under the circumstances existing at that time. Now the circumstances have changed so that the order for "reasonable visitation" is no longer satisfactory to petitioner. When the divorce court entered its judgment on July 3, 1968, it had four alternatives concerning visitation:

1. Deny visitation altogether

2. limit visitation to specified times and places

3. provide for visitation at reasonable times and places

4. leave the decree silent as to visitation.

See Smith, Family Law, 1968 Survey of Texas Law, 22 Sw.L.J. 115 (1968), footnote 26. We think a change in a judgment from one alternative to another, not required due to mere clerical error, is not a *correction* of a prior judgment but is a readjudication such as would preclude the divorce court's continuing exclusive jurisdiction under the authorities cited by petitioner and hereinabove discussed.

 We now turn to the second of petitioner's two alternative reasons for contending that the divorce court retained continuing exclusive jurisdiction, that is, that a divorce court has continuing exclusive jurisdiction over a change in visitation. We shall first review the law regarding a divorce court's continuing exclusive jurisdiction in matters of child sup-

port, contempt and change in custody. It is well settled that a divorce court has continuing exclusive jurisdiction over changes in child support. Art. 4639a, Vernon's Ann.Tex.Civ.Stat.; Ex Parte Mullins, 414 S.W.2d 455 (Tex.1967); Ex Parte Goldsmith, 155 Tex. 605, 290 S.W.2d 502 (1956); Ex Parte Webb, 153 Tex. 234, 266 S.W.2d 855 (1954); Ex Parte Roberts, 139 Tex. 644, 165 S.W.2d 83 (1942); Ex Parte Taylor, 137 Tex. 505, 155 S.W.2d 358 (1941); and Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940). Likewise, a divorce court has continuing exclusive jurisdiction over contempt proceedings instituted to enforce a judgment of that court. Ex Parte Gonzalez, supra; Leonard v. Leonard, 358 S.W.2d 721 (Tex.Civ.App. 1962) n. w. h.; Carlson v. Johnson, 327 S.W.2d 704 (Tex.Civ.App.1959) n. w. h. In change of child custody cases the divorce court does not have continuing exclusive jurisdiction. This Court in Lakey v. McCarroll, supra, held that venue for child custody cases is governed by the general venue statute, that is, venue is in the county of the residence of the defendant. See Spell v. Green, 144 Tex. 535, 192 S.W.2d 260 (1946) and Smith, Family Law, supra.

With regards to venue in child visitation cases the law has heretofore been unsettled because it has often been assumed that a divorce court has continuing exclusive jurisdiction in visitation matters. See Smith, Family Law, supra, footnote 31; Rasor, Family Law, 1969 Survey of Texas Law, 23 Sw.L.J. 60 (1969); Lord, Visitation or Custody, A Brief Review, 22 Tex.B.J. 171 (1959); and Staples v. Staples, 423 S.W.2d 166 (Tex.Civ.App.1967) n. w. h. However, Texas Courts of Civil Appeals have written directly upon this matter in Strickland v. Strickland, 424 S.W.2d 725 (Tex.Civ. App.1968) n. w. h. and Nixon v. Rohrbach, 438 S.W.2d 957 (Tex.Civ.App.1969) n. w. h., both of which hold that venue for changes in visitation is in the county of the defendant's residence.

We hold that venue of a suit seeking a readjudication of visitation rights is in the county of the defendant's residence and is governed by the general venue statute. Art. 1995, Vernon's Tex. Civ.Stat. We continue to recognize the custody-visitation distinction for some purposes but not for venue purposes. The prerequisite proof of change of circumstances is quite different as between custody and visitation, for the court considering a change in visitation must have greater latitude to modify or make certain the arrangements. If the prior order is unworkable and inappropriate under existing circumstances, including the behavior of the parties, no further change need be shown to justify a new visitation order. Leithold v. Plass, 413 S.W.2d 698 (Tex. 1967).

The judgment of the Court of Civil Appeals is affirmed.

WALKER and POPE, JJ., note their dissent.