Douglas Howard BOND, Appellant,

v.

Phyllis Florene BOND, Appellee.

No. 8062.

Court of Civil Appeals of Texas,
Amarillo.

Nov. 23, 1970.

Rehearing Denied Dec. 21, 1970.

E. Byron Singleton, Amarillo, for appellant.

Witherspoon, Aikin, Thomas & Langley and John D. Aikin, Hereford, for appellee.

JOY, Justice.

This is a divorce case involving custody of two minor children. From judgment for appellee, plaintiff below, appellant has taken this appeal. We affirm the judgment of the trial court.

Appellant and appellee were married on February 14, 1963, with two children born to the marriage. In November, 1968, appellant left to go to Alaska to seek employment promising to send for the appellee wife and children. Appellant returned to Randall County, Texas, and in May, 1969, the parties orally agreed at counsel's office upon a divorce including property settlement and child support payments to appellee in whom custody of the two children was to remain. Appellant did not return to the attorney's office to execute the written agreement. Suit was filed by appellee for divorce on June 2, 1969, with service had on appellant in Randall County on the 20th day of June, 1969. The appellant

took possession of the children from the home of a sister of appellee, where the children were visiting for a few days, and thereafter took the children to Alaska. Appellee, on June 26, 1969, filed her verified petition for temporary custody and child support. On July 8, 1969, an order of temporary custody and support was entered with a hearing set for September 3, 1969. On August 6, 1969, appellant filed his motion to vacate order and dismiss cause on the grounds that appellant was a resident of Alaska and that the petition of appellee failed to allege the place of residence of the minor children. By order of August 8, 1969, the court decreed that the order of July 8, 1969, be held in abeyance pending the hearing on September 3, 1969. On August 21, 1969, appellee filed her amendment to the original petition setting out Umbarger, Randall County, Texas, as the residence of the minor children. By order of August 20, 1969, the court ordered appellant to deliver the children to appellee on or before September 3, 1969. Upon hearing on September 3, the court continued the custody and support order of July 8 and further held appellant in contempt for failure to comply with the July 8 and August 20 orders. The appellant appeared by counsel only and there is nothing in the record to indicate that the contempt order has been enforced.

Appellant's motion to stay the order of the trial court of July 8 was heretofore submitted in this court and was passed for decision at the hearing on the merits. That motion is now moot and is therefore overruled.

 Appellant sets forth in some seven points error by the trial court in failing to sustain appellant's various motions, objections and exceptions contending lack of jurisdiction to enter orders for the failure of appellee to designate the residence of the two minor children in appellee's original petition. The appellee's (plaintiff's) original petition set out the names, sex and ages of the children born to the marriage but failed to plead the residence. Appellant's contentions basically are reduced to an interpretation of Art. 4639a, Vernon's Ann.Civ.St. which reads in part as follows: "Each petition for divorce shall set out the name, age, sex and residence of each child under eighteen (18) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No court having jurisdiction of suits for divorce shall hear and determine any such suit for divorce unless such information is set out in such petition or in each cause of action for divorce. * * *" Admittedly, the plaintiff's original petition failed to state the residence of the children. However, the petition alleged the residence of both parents as being Umbarger, Randall County, Texas. As stated in Clare v. Clare, 138 S.W. 2d 220, 223 (Tex.Civ.App. n. w. h.), "The child being an 'infant' in the popular sense and both of its parents alleged to be residents of Terry County, Texas, we think it will be presumed that the residence and domicile of the child followed that of its father." We are of the opinion that the residence of the children in this case at the filing of the original petition is presumed to be that of the parents. At any rate, the appellant defendant was served on June 20 and filed no answer until August 6 at which time the appellant contended his residence was Alaska, and raised the issue of appellee plaintiff's failure to plead residence of the children, and further contending that the residence of the children was in Alaska. Whereupon, appellee filed her amendment to the original petition on August 21 alleging residence of the children in Randall County, and further, residence of the appellant as being unknown. This amendment cured the pleading defect, if any there was, inasmuch as Art. 4639a, supra, sets out the information to be pled before the court *shall hear and determine such suit for divorce*. As we interpret the statute, the failure to plead the residence of the children born to the marriage would

only bear upon the determination of the *divorce* (all emphasis ours) and the defect having been cured prior thereto, the judgment of divorce granted on October 14, 1969, was proper. On August 20, 1969, hearing was had with the appellant represented by counsel at which time the court affirmed its custody and support order of July 8. By Art. 4639, V.A.C.S., the trial court has the authority to enter "any order that the safety and well-being of any such children may require." The court, by its second order of August 20, had further ordered the appellant to deliver the children to appellee on or before the hearing date of September 3, which order the appellant failed to comply with. At the hearing on September 3, 1969, appellant was again present by and through his counsel at which time appellant was held in contempt. Appellant's contention of lack of jurisdiction cannot stand. The court having obtained jurisdiction at the time of filing of the cause, and the appellant having been served, jurisdiction of the court cannot be defeated by appellant thereafter removing himself and the children to another state. Cf., Bowman v. Bridges, 220 S.W.2d 512 (Tex.Civ.App. n. w. h.); Autry v. Autry, 359 S.W.2d 272 (Tex.Civ.App. n. w. h.); Schwartz v. Jacob, 394 S.W.2d 15 (Tex. Civ.App. ref'd n. r. e.).

■ Appellant next contends error by the trial court in overruling appellant's motion for continuance. The appellant's motion was filed on October 14, 1969, the date set for hearing of the divorce, and the motion was made on "information and belief" of appellant's counsel. The appellant had again failed to appear personally but appeared by and through his attorney. A motion for continuance made by a party's counsel upon the counsel's "information and belief" has been held to be insufficient for proper verification. Payne v. Latham, 8 S.W.2d 326 (Tex.Civ.App. wr. dism'd); Bray v. Miller, 397 S.W.2d 103 (Tex.Civ. App. ref'd n. r. e.); 13 T.J.2d, Sec. 122, Pages 50, 51. We find no abuse of discre-

tion by the trial court in overruling appellant's motion for continuance.

We find no reversible error and the judgment of the trial court is affirmed.