**Elizabeth McDougal VIOLA,
Appellant,**

v.

**Gerald W. McDOUGAL, Appellee.**

**No. 12062.**

Court of Civil Appeals of Texas,
Austin.

July 25, 1973.

Rehearing Denied Aug. 15, 1973.

Bob Kuhn, Austin, for appellant.

Gerald W. McDougal, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant was divorced from appellee by judgment of the 167th district court of Travis County in October, 1971. The decree of divorce granted custody of the parties' three minor children to appellant but specified that appellee have a right to visitation at reasonable times and at reasonable places. During pendency of the suit, prior to the divorce, the court entered an order which provided that visitation be accorded to appellee on Monday afternoons, Wednesday afternoons, and alternate weekends.

In November of 1972 appellee filed an affidavit of contempt and "motion for specific visitation periods." He requested that appellant be held in contempt for violating the prior order respecting child visitation and also requested an order fixing specific visitation times and "for visitation as often as the court deems reasonable and on such schedule as the court may find operable . . ."

Citation was served upon appellant on November 29, 1972, commanding her to answer appellee's petition within the time limits prescribed by Rule 101, Tex.R.Civ. P.[1] The record further shows that on the same day, November 29, 1972, appellant was also notified that she was to appear in court on December 4, 1972, apparently on a show cause order directed by the court. Although appellant did not appear[2] at the December 4 hearing, the court proceeded to hold the hearing without the presence of appellant or her attorney. No judgment was entered on that date, however, and it appears that the court took matters under advisement until December 11, 1972.

On December 8, 1972, appellant filed a general denial and thereby entered her appearance in this action.

Appellant was advised by appellee's attorney that the case would be called again on December 11, and inquired whether appellant would be represented. Appellant's attorney informed appellee's attorney that he would not be present as he would again be in trial of another lawsuit in a distant county.

On December 11, 1972, the court entered its order specifying visitation, judgment of contempt and judgment for attorney's fees without the presence or participation of appellant or her attorney.

Thereafter, on December 15, 1972, appellant filed a motion to set aside the order, and filed a motion for new trial on December 21, 1972. After a hearing held on January 22, 1973, both motions were overruled by operation of law on February 4, 1973. It is from the overruling of these motions that appellant has perfected her appeal to this Court.

Appellant has brought two points of error to this Court. By her first point appellant asserts that the court below was without jurisdiction to enter the order of December 11, 1972. Appellant's second point apparently asserts that, in any event, it was error for the court to enter judgment thirteen days following service of process on appellant. Although there is only one order before us on appeal, we think this appeal necessarily involves two

1. Rule 101, Tex.R.Civ.P., requires that the citation ". . . be directed to the defendant and shall command him to appear by filing a written answer to the plaintiff's petition at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days after the date of service thereof . . ."

2. Appellant states that she had an attorney appear before the court at this hearing; however, this attorney was without authority to act for appellant or her attorney and appeared solely for the purpose of advising the court that appellant's attorney was then engaged in another lawsuit in another county. No continuance was sought.

proceedings: the contempt proceeding, and the visitation rights proceeding. Certainly the court below, as the court in which the divorce judgment was rendered, maintained continuing exclusive jurisdiction to enforce its decree by contempt. Boney v. Boney, 458 S.W.2d 907 (Tex.1970).

It is apparent, however, as appellant contends, that the order entered in this action went beyond an enforcement of the prior decree. We are satisfied that this action was, in fact, one to readjudicate the visitation issue, and as such, it was necessary that this portion of these proceedings be brought in a separate and independent lawsuit. Boney v. Boney, *supra*. It follows, of course, that appellant was entitled to all the procedural safeguards afforded to defendant by the Rules of Civil Procedure. It further follows, we think, that it would have been error for the trial court to try the visitation issues at the show cause hearing. Goodman v. Goodman, 236 S.W.2d 641 (Tex.Civ.App.1951, no writ); Livingston v. Nealy, 382 S.W.2d 511 (Tex.Civ.App.1946, writ ref. n. r. e.). Finally, and necessarily, it follows that the trial court would have been without jurisdiction to enter judgment on the visitation action on December 4, 1972, when the show cause hearing was held.

Nonetheless we will overrule appellant's points and affirm the judgment for the reason that the errors of which appellant complains have not been preserved. In this regard we note the absence of a statement of facts in the record before us, requiring that we presume that facts were adduced in support of the judgment. Dobson v. Kyle, 387 S.W.2d 419 (Tex.Civ. App.1965, no writ); A. Porter v. Denton Livestock Commission, Inc., 404 S.W.2d 614 (Tex.Civ.App.1966, writ ref. n. r. e.); Sanders v. Machicek, 453 S.W.2d 511 (Tex.Civ.App.1970, writ ref. n. r. e.).

With respect to the show cause hearing, it would seem that the presence of opposing counsel would have been an adequate safeguard against the enlargement of the issues tried there. Again, we note that at no point in these proceedings was a continuance sought by counsel. Rule 101 et seq., Tex.R.Civ.P. The record discloses only that appellant, duly served with citation, failed to appear.

Further, we think that appellant has waived her right to claim error in the court's rendition of judgment on the visitation issues on December 11, 1972. As noted above, defendant is entitled to have these issues tried in an independent lawsuit, complete with all the safeguards prescribed by the rules. Boney v. Boney, *supra*. Therefore, appellant was not required to answer the visitation issue, notice of which she received by separate citation, until some time in late December, 1972. However, appellant, exercising her rights, chose to answer this issue on December 8, 1972, and thereby placed herself within the jurisdiction of the court for all purposes, Rule 121, Tex.R.Civ.P. Having notice of setting and being within the jurisdiction of the court, appellant failed nonetheless to appear at the hearing.

Whether it would have been an abuse of discretion for the court below to overrule a proper motion for continuance filed on or before December 11, 1972, we need not decide. The record discloses only that the court, having personal jurisdiction of the parties, heard evidence and rendered judgment. In the absence of a statement of facts, we presume that the evidence was sufficient to warrant the judgment entered.

Appellant's points of error are accordingly overruled. The judgment is affirmed.

Affirmed.