Jack Leland **WALKER**, Appellant,

v.

Catherine Deanne **SHOWALTER**, Appellee.

No. 16118.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 23, 1973.

Woody & Rosen, Clyde W. Woody, Marian S. Rosen, Leonard M. Roth, Houston, for appellant.

No brief filed for appellee.

PEDEN, Justice.

Father appeals from a judgment which increased the visitation privileges of his former wife with their child.

The parties were divorced in 1966, and the custody of their minor daughter, Mary Kay Walker, was awarded to her father. Her mother's visitation privileges were modified by order entered in 1967 which provided for these periods of visitation:

5 P.M. Friday to 7 P.M. Saturday on 1st and 3rd weekends each month

2 P.M. to 7 P.M. every other Sunday.

The order complained about on this appeal provides that the mother (appellee) shall have her daughter visit with her at these times:

4:30 P.M. Friday to 6 P.M. Sunday on first weekend of each month

10 A.M. to 6 P.M. each December 26

9 A.M. Monday to 6 P.M. Saturday in first week in July each year.

It seems that the only significant increase in Mrs. Showalter's visitation rights came in the addition of the six-day period each July.

This cause went to trial on a petition by the mother asking that custody be changed from the father to her or, in the alternative, that her visitation rights be amplified. The father filed a cross-action asking for termination of the mother's visitation rights. The father paid a jury fee, and a jury trial was had on the issue of custody. The jury did not find from a preponderance of the evidence that since the 1966 divorce judgment there had occurred such a material detrimental change of conditions on the part of the father that the best interest of the child required a change of custody to her mother.

The trial court's judgment recites that four days later the court proceeded to hear the mother's alternative plea for change in her visitation rights, and the court then ordered the modification which we have noticed.

Appellant's points of error are that the trial court erred in:

1) not considering the detrimental effect on the child when granting visitation rights to the appellee,

2) severing the issues of child custody and visitation rights,

3) depriving the father of his right to a jury trial on the visitation question,

4) disregarding the jury's findings as to a material change of condition by giving the mother what amounts to custody of the child,

5) assessing costs against the appellant and

6) failing to award attorney's fees to the appellant at both the trial and appellate levels.

The appellee filed no brief in this case.

■ We overrule the appellant's first point of error. We have carefully considered the entire record in this case and can find no basis for the appellant's contention that the trial judge did not consider the detrimental effect on the child when granting visitation rights.

The custody hearing was an extended one and, with express agreement of the parties, the trial judge stated at the beginning of the visitation hearing that he would also consider all the evidence heard at the custody hearing. Thereafter both parties, the child and Rev. William Heard again testified in the visitation hearing.

■ We think no useful purpose would be served in reviewing all the evidence in this case. Proposed changed in custody and visitation rights were bitterly contested. The child, who was then 13 years old, said she would rather not ever see or visit with her mother again. Such an expression is to be considered by the court, but the court is not bound to abide by it. Brooks v. Brooks, 480 S.W.2d 463 (Tex. Civ.App.1972, no writ). It is significant that most of her reasons for disapproving of her mother were stated in rather general terms. She objected, among other things, to missing ice skating and other activities while visiting her mother.

■ Appellant insists that the visitation rights of the child's mother should have been terminated. It is the general rule in Texas that the right of a parent to visit with his children placed in the custody of the other parent by the divorce decree, will not be completely denied except where there are extreme grounds to support such a denial. The matter of determining the frequency and duration of visits by a divorced parent with his children, who have been placed in the custody of another, is one peculiarly within the discretion of the trial court and is subject to review only on a showing of abuse of discretion. Hill v. Hill, 404 S.W.2d 641 (Tex.Civ.App.1966, no writ).

■ We cannot say that the trial court clearly abused its discretion in modifying Mrs. Showalter's visitation rights and in declining to terminate them.

■ Turning to the appellant's second and third points, we hold that the trial court did not err in denying a jury trial on the visitation question and that the trial judge did not sever the custody and visitation issues, he merely held separate trials on them. He did not order a severance, and only one judgment was entered. The granting of separate trials of separate issues is authorized by Rule 174(b), Texas Rules of Civil Procedure, and trial judges are vested with discretion in applying this rule. We find no abuse of that discretion. "The prerequisite proof of change of circumstances is quite different as between custody and visitation, for the court considering a change in visitation must have greater latitude to modify or make certain the arrangements." Boney v. Boney, 458 S.W.2d 907 (Tex.1970).

Jury findings as to both custody and visitation were merely advisory before the 1961 amendment to Article 4639a, Vernon's Ann.Texas Civil Statutes. That amendment made a jury trial a matter of right when custody was in issue, but the amendment made no provision for jury trials as to visitation privileges, so we must assume that the legislature was referring to custody rights only. See Comment, 22 Baylor Law Review 514 (1970). As the author of that comment, Mr. Lowell T. Cage, suggests, where both custody and visitation

are at issue, both could be presented to a jury. Its findings on custody would be binding on the court, those on visitation would not.

■ We hold that as to visitation issues a jury trial is not a matter of right.

■ We also overrule the appellant's fourth point of error. By adding to the mother's visitation the ". . . privilege of having said child with her for a period of one week each year . . ." the trial court did not give her, as the appellant contends, what amounts to custody of the child.

The Texas Supreme Court, stating that custody of a child connotes the right to establish the child's domicile and includes the elements of immediate and direct care and control of the child, together with provision for its needs, held in Leithold v. Plass, 413 S.W.2d 698 (1967) that the trial court did not disturb the existing custody status and did nothing more than modify the existing visitation privileges of a non-custodial parent when it amended a divorce decree to give him visitation with his minor child in his home in California for two weeks each summer. See also Boney v. Boney, supra, 458 S.W.2d at page 910.

We have already noticed that in the latter case our Supreme Court held that the proof of change of circumstances is quite different as between custody and visitation. It also added: "If the prior order is unworkable and inappropriate under existing circumstances, including the behavior of the parties, no further change need be shown to justify a new visitation order." 458 S.W.2d at page 911.

■ Under appellant's fifth point of error he argues that in taxing all costs of court against him the trial court erred, because he was the successful party. Rule 131, Texas R.C.P., provides that the successful party shall recover costs, except where otherwise provided, and Rule 141 states that the court may, for good cause stated on the record, adjudge the costs otherwise than as provided by law or these rules. We find no statement on the record in this case of good cause for adjudging the costs otherwise than as provided by law or these rules.

However, we not not agree with the appellant's claim that he was the successful party in the trial court. The appellee sought custody or, in the alternative, an increase in her visitation privileges. She was denied custody, but she did obtain an increase in visitation by about one week each year.

"It is sometimes difficult to determine who is the successful party, entitled to recover costs. Clearly, if the only issue is decided in favor of the defendant, costs are properly adjudged against the plaintiff. Failure of the plaintiff to recover on every count does not, however, mean that he is not a successful party; even though a plaintiff is awarded only part of the relief he asks, he is ordinarily entitled to costs under the rule providing that the successful party in an action is entitled to costs. . . ." 15 Tex. Jur.2d 10, Costs § 5.

We think it would not have been inappropriate for the trial judge to have apportioned the costs between the parties, but we hold he did not err in taxing them against the appellant.

■ Appellant's last point is that he is entitled to attorney's fees both at the trial level and on appeal. We find no basis in the record in this case for holding that the trial court erred in not awarding an attorney's fee.

Affirmed.