**Kennis K. Pullicino HOWARD, Appellant,**

v.

**Anthony D. PULLICINO, Appellee.**

**No. 12192.**

Court of Civil Appeals of Texas, Austin.

Feb. 5, 1975.

Ray Grill, Austin, for appellant.

No brief filed by appellee.

SHANNON, Justice.

Appellant, Kennis K. Pullicino Howard, has appealed from the judgment of the district court of Comal County which changed the privileges of appellee, Anthony D. Pullicino, to visit with his minor children. We will reverse that judgment and remand the cause to the district court.

 The appellee has filed no brief. Appellant's factual statement of the record has neither been answered nor challenged. Under these circumstances, this Court will accept appellant's brief as correctly stating the facts and the record without resorting to the statement of facts. Texas Rules of Civil Procedure, rule 419. Horton v. County of Mills, 468 S.W.2d 876 (Tex.Civ.App. 1971, no writ).

Appellant and appellee were divorced by order of the district court of Comal County on May 9, 1972. In the divorce judgment appellant was awarded custody of their two children, a girl, Kennis Kimberly, two years of age, and another girl, Elise Ann, eighteen months of age. By the terms of that judgment, appellee was to have " . . . reasonable visitation rights with the children . . . "

Appellee instituted the proceedings made the basis of this appeal by filing on May 18, 1973, what he termed a "Petition For Change In Visitation Rights." On July 5, 1973, he filed his "First Amended Petition For Change In Visitation Rights" in which he alleged that he had been permitted by appellant to visit with his children only infrequently and " . . . for very short

periods of time and under conditions designed to destroy or otherwise interfer [sic] with the natural parent-child relationship . . . " Appellee alleged also that he had remarried and that he had " . . . established a new home in which his minor children are loved and wanted and where they would receive attention and affection." He then pleaded that he be accorded certain listed periods of visitation.

Appellee did not allege that the circumstances of the children had materially and substantially changed since the time of the entry of the divorce judgment, nor did he set out any facts showing such changes. Also, appellee did not swear to the facts alleged in his pleading.

Appellant declares the evidence to reflect that from the date of the entry of the divorce judgment until August, 1972, appellee visited with both children in her home about once a week. For about a six week's period appellant denied him visitation rights in order for her to "work out" a problem that appellee had created between himself and the older daughter. From October, 1972, until March, 1974, appellee visited with both children on alternating Saturdays and Sundays away from appellant's home from eight o'clock in the morning until two o'clock in the afternoon. From October, 1973, until March, 1974, appellee could visit with the children away from appellant's house for longer periods of time. The only times when he was not permitted to visit was occasioned by the illness of the children or once when appellant took the children on a trip out-of-town. There were times when the appellant provided appellee extra visitation privileges to make up for missed visits with the children, and on at least one occasion appellee was allowed to take the children on Christmas Eve.

After hearing, the court entered its order detailing, among other things, a schedule of appellee's visitation rights. The most significant change in the pattern of appellee's visitation rights was to grant him visitation rights with the older child for the entire month of August each year and the same privilege with the younger child when she attained seven years of age. The court made no finding that the circumstances of the children had materially and substantially changed and that the modification of the prior order was to the best interests of the children. The court did find in the terms of Rodgers v. Williamson, 489 S.W.2d 558 (Tex.1973) and Boney v. Boney, 458 S.W.2d 907 (Tex. 1970) that the former order had become "unworkable and inappropriate under existing circumstances."

■ Appellee's trial pleading cast the case as one for the change of visitation rights, and an examination of the record shows that the parties tried the case on that theory. Accordingly, we will treat the appeal as one involving a change of visitation rights.

On appeal, appellant argues that the court erred in modifying the original divorce order as to visitation absent proof of materially changed circumstances. Among other things, appellant relies upon Tex. Family Code § 14.08(a) and (c), V.T.C.A.

"(a) Any party affected by an order of the court . . . setting the terms and conditions for possession of *or access to a child,* may file a motion requesting the court to modify its former order. The motion *shall* allege that the *circumstances of the child have materially and substantially changed* since the entry of the order sought to be modified, set forth the alleged circumstances, and be sworn to by the party seeking modification." (Emphasis added)

\* \* \* \* \* \*

"(c) After a hearing and *on a finding that the circumstances of the child have materially and substantially changed and that modification is in the best interest of the child,* any order or part of an order may be modified . . . " (Emphasis added)

Section 14.08 concerns, in general, the modification of previously entered orders relative to the status of children of divorced persons. Section 14.08(a), in part, applies to modifications of previous orders providing for "access" to children. The term, "access to a child," a previously unfamiliar one to the jurisprudence of this State, appears several times in Chapter 14 of the Family Code. We are of the opinion that the term is there used in the same sense as the concept of "visitation rights" under the old practice.

Section 14.08(a) and (b) requires that a party seeking a modification of an order providing for access to a child (visitation rights) both plead and prove that the circumstances *of the child* have materially and substantially changed since the entry of the former order.[1]

Section 14.08(a) and (b) became effective on January 1, 1974 and is applicable to proceedings then pending unless in the opinion of the court its application "would not be feasible or would work an injustice . . . " Tex.Laws 1973, Ch. 543, § 4(a) at 1459. The case was tried on March 15, 1974, some two and a half months subsequent to the date that this section became applicable. We are of the opinion that the application of this portion of the Family Code to the trial of this proceeding was feasible and did not work an injustice.

Because appellee failed to plead and prove that the circumstances of the children had materially and substantially changed since the time of the entry of the order of divorce, the judgment here involved is reversed and remanded to the district court.

Reversed and remanded.

---

1. This represents a change from the rule of former days that it was unnecessary to show a change of circumstances to alter visitation privileges. Rodgers v. Williamson, 489 S.W. 2d 558 (Tex.1973), Boney v. Boney, 458 S.W. 2d 907 (Tex.1970), Leithold v. Plass, 413 S.W.2d 698 (Tex.1967), Hollis v. Hollis, 508 S.W.2d 179 (Tex.Civ.App.1974, no writ).